**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**William LAWSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 23, 2001.

Filed Dec. 17, 2001.

Andrew G. Gay, Philadelphia, for appellant.

Karen Brancheau, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before JOHNSON, TODD, and KELLY, JJ.

KELLY, J.

¶ 1 In the instant appeal from a remand to determine whether Appellant's counsel rendered ineffective assistance by interfering with Appellant's right to testify at trial, we must determine whether we may review issues concerning counsel's ineffectiveness for failing to call character witnesses and failing to object to hearsay testimony, where these issues have been raised for the first time in the present appeal. We hold that Appellant's issues are waived for purposes of this appeal, because they were not previously raised in the trial court and are unrelated to the issue on remand. We affirm.

¶ 2 The relevant facts and procedural history of this appeal are as follows. On November 6, 1996, James Goosby was shot dead in his home. Appellant turned himself into police on April 13, 1997, after a warrant was issued for his arrest in connection with the shooting. Following a bench trial on January 9, 1998, the court

found Appellant guilty of first-degree murder.[1] On March 28, 1998, the court sentenced Appellant to life in prison without the possibility of parole.

¶ 3 Appellant filed a direct appeal two days later. On October 26, 1999, this Court affirmed Appellant's judgment of sentence, but remanded the case for an evidentiary hearing on the limited issue of whether Appellant's trial counsel rendered ineffective assistance by interfering with Appellant's right to testify at trial. Upon remand the trial court held an evidentiary hearing on December 7, 1999. Following the hearing, the trial court determined that Appellant's right to testify was not abridged and denied relief. Appellant filed a timely notice of appeal on December 8, 1999.

¶ 4 Appellant raises the following two issues on appeal:

WAS TRIAL COUNSEL INEFFEC-TIVE IN FAILING TO PRESENT CHARACTER EVIDENCE FOR PEACEFULNESS AND NON–VIO-LENCE WHEN AT LEAST FOUR WITNESSES WERE AVAILABLE AND WILLING TO TESTIFY, AND WAS PRIOR APPELLATE COUNSEL INEFFECTIVE IN FAILING TO RAISE THE ISSUE ON APPEAL?

WAS TRIAL COUNSEL INEFFEC-TIVE IN FAILING TO OBJECT TO THE TESTIMONY OF APPEL-LANT'S MOTHER, DEBORAH LAW-SON, CONCERNING STATEMENTS MADE TO HER BY APPELLANT'S COUSIN, LINDELL, AND DAMIEN SAMUELS, AND WAS PRIOR AP-PELLATE COUNSEL INEFFEC-TIVE IN FAILING TO RAISE THE ISSUE ON APPEAL?

(Appellant's Brief at 5).

■ ¶ 5 Initially, we must determine whether Appellant's issues are waived on appeal. Pennsylvania Rule of Appellate Procedure 302 states, "[I]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). *See also Commonwealth v. Dougherty*, 451 Pa.Super. 248, 679 A.2d 779 (1996) (finding issue waived where not raised first in trial court); *Commonwealth v. Hawkins*, 295 Pa.Super. 429, 441 A.2d 1308, 1312, n. 6 (1982) (stating even issues of constitutional dimension may not be raised for first time on appeal). Moreover, where a case is remanded to resolve a limited issue, only matters related to the issue on remand may be appealed. *Commonwealth v. Jackson*, 765 A.2d 389 (Pa.Super.2000). In *Jackson*, this Court remanded "so that the trial court could hold a hearing to determine whether the Commonwealth acted with due diligence, as required by Pa.R.Crim.P. 1100(g)." *Id.* at 390. Upon remand, the trial court found the Commonwealth acted with due diligence. On appeal, the appellant raised three issues, the last of which challenged the trial court's denial of the appellant's "motion for severance of trials." *Id.* at 391. This Court concluded that the last issue was waived, as it was unrelated to the matter on remand and had not been previously raised in the trial court. *Id.* at 395.

■ ¶ 6 In the instant case, this Court affirmed Appellant's judgment of sentence, but remanded for a hearing solely to determine whether Appellant's counsel rendered ineffective assistance by interfering with Appellant's right to testify at trial. Upon remand, the trial court found that Appellant's counsel did not interfere with Appellant's right to testify. On appeal, Appellant has raised two novel issues wholly unrelated to the hearing and deci-

1. 18 Pa.C.S.A. § 2502(a).

sion on remand. *See id.* Moreover, the issues raised on appeal have not been raised first in the trial court. *See* Pa. R.A.P. 302(a); *Dougherty, supra.* Therefore, Appellant's issues alleging trial counsel's ineffectiveness for failing to present character testimony and failing to object to other testimony at trial are waived for purposes of this appeal. *See id.; Jackson, supra.* Although these issues may be brought in a timely filed and properly framed PCRA petition, they may not be raised in this appeal, where they have not been brought before the trial court and are unrelated to the order appealed from. *Id.*

¶ 7 Based upon the foregoing, we hold that Appellant's issues are waived because they were not raised previously in the trial court and are unrelated to the issue on remand. Accordingly, we affirm the trial court's order denying relief.

¶ 8 Order affirmed.