J-S38041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSE ANTONIO VALDES, | : | |
| | : | |
| Appellant | : | No. 1665 MDA 2014 |

Appeal from the Judgment of Sentence entered on August 29, 2014
in the Court of Common Pleas of Perry County,
Criminal Division, No. CP-50-CR-0000244-2012

BEFORE:  WECHT, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 29, 2015**

Jose Antonio Valdes ("Valdes") appeals from the judgment of sentence imposed following resentencing for his convictions of two counts each of robbery (threat of serious bodily injury), robbery (taking property by force), terroristic threats, unlawful restraint, and simple assault, and three counts of theft by unlawful taking.[1]  We affirm.

This Court previously set forth the relevant factual history:

At approximately 8:15 a.m., [on] March 9, 2012, Charlotte Schlosman ("Schlosman") and Mindy Group ("Group") were working in the Dollar General Store in Marysville, Pennsylvania. N.T. Trial, 3/28/2013, at 19-20.  The first customer of the day, a man later identified as Valdes, entered the store and purchased a drink.  *Id*. at 23-24, 55.  Schlosman recognized Valdes from his having shopped in the store on prior occasions.  *Id*. at 24. After buying the drink, Valdes left the counter area and walked to the door.  *Id*. at 56.  Valdes returned to the checkout counter

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii); 3701(a)(1)(v); 2706(a)(1); 3902(a)(1), 2701(a)(3); 3921(a).

area, pulled out what appeared to be a black semiautomatic handgun, and told Group he wanted the money out of the register. *Id*. at 57. The two women had a difficult time opening the cash drawer due to their nerves. *Id*. at 26, 57. Eventually, Schlosman, the assistant manager, used her key to open the register. *Id*. at 26. After taking the money, Valdes ordered the two women into the back of the store. *Id*. at 28. He repeatedly asked for the combination to the safe. *Id*. at 27-28. Valdes attempted to tape each woman's hands behind her back, but could not because he could not find the beginning of the tape. *Id*. at 31. Eventually, Valdes broke the store phone and took each woman's cell phone and keys and left. *Id*. at 31-32.

**Commonwealth v. Valdes**, 105 A.3d 790 (Pa. Super. 2014) (unpublished memorandum at 2-3).

Valdes was arrested and charged with numerous offenses. A jury found Valdes guilty of the above-mentioned crimes. The trial court sentenced Valdes to an aggregate sentence of ten to twenty years in prison.[2] Valdes filed two Post-Sentence Motions, which were denied on May 20, 2013.

On July 14, 2014, this Court affirmed the convictions, but vacated the sentence based on **Alleyne v. United States**, 133 S. Ct. 2151 (2013), and remanded for resentencing. **See Valdes**, 105 A.3d 790 (unpublished memorandum at 3-15). Upon remand, the trial court resentenced Valdes to an aggregate prison term of six to fourteen years. Valdes filed a timely Notice of Appeal.

Valdes raises the following issues on appeal:

---

[2] Relevantly, the trial court imposed mandatory minimum sentences under 42 Pa.C.S.A. § 9712.

1) Whether the [t]rial court erred when it applied a sentence for robbery threat of serious bodily injury[,] as the jury had not been asked to conclude that a firearm was present during the robbery[,] and without a jury concluding the presence of a firearm[,] there is insufficient evidence to establish a threat of serious bodily injury[?]

2) Whether or not the [t]rial [c]ourt erred when it applied a sentence for (2) counts of robbery threat of serious bodily injury as the harm occurred in one singular event, at one singular time, at one singular location and[,] therefore[,] should merge[?]

3) Whether or not the [t]rial [c]ourt abused its discretion by sentencing [Valdes] at the top end of the sentencing guidelines when the evidence demonstrates that [Valdes] was a model prisoner who has successfully availed himself of available measures to rehabilitate[,] and has a prior record score of 0[?]

4) Whether or not the [trial] court committed reversible error by denying the Post-Sentence Motion[s] filed of record on September 5, 2014[?]

Brief for Appellant at 5-6 (some capitalization omitted).

In his first claim, Valdes asserts that the evidence was insufficient to support his robbery conviction. *Id*. at 12. Valdes argues that the jury had not been asked to conclude that a firearm was present during the robbery. *Id*. Valdes contends that without a jury finding the presence of a firearm, there is insufficient evidence to establish a threat of serious bodily injury. *Id*. at 13.

Since Valdes is on direct appeal following remand for the limited purpose of resentencing, we may not reach the merits of his first challenge. *See Commonwealth v. Anderson*, 801 A.2d 1264, 1266 (Pa. Super. 2002)

- 3 -

(stating that following remand for resentencing, the only issues subject to appellate scrutiny are challenges to the sentence imposed on remand); **Commonwealth v. Lawson**, 789 A.2d 252, 253 (Pa. Super. 2001) (stating that "where a case is remanded to resolve a limited issue, only matters related to the issue on remand may be appealed").[3]

In his second claim, Valdes argues that the trial court erred when it imposed sentences on two counts of robbery (threat of serious bodily injury) because the harm occurred in "one singular event, at one singular time, and at one singular location." Brief for Appellant at 13. Valdes contends that the sentences for each count should merge. **Id**. Valdes contends that the doctrine of merger should be applied equally when a defendant is convicted of multiple crimes arising out of the same act, where all the crimes are equal in degree. **Id**.

"A claim that the trial court imposed an illegal sentence by failing to merge sentences is a question of law. Accordingly, our standard of review is plenary." **Commonwealth v. Williams**, 958 A.2d 522, 527 (Pa. Super. 2008). Further, the merger doctrine provides that "[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act

---

[3] Even if we could address the merits of his claim, the above facts were sufficient to support Valdes's robbery convictions. Further, contrary to Valdes's argument, the presence of a firearm is not a necessary element for robbery (threat of serious bodily injury). Rather, the jury must only find that Valdes threatened the two store clerks or intentionally placed them in fear of immediate serious bodily injury to sustain his conviction. **See** 18 Pa.C.S.A. § 3701(a)(1)(ii).

and all of the statutory elements of the other offense are included in the statutory elements of the other offense." 42 Pa.C.S.A. § 9765.

Here, we conclude that two distinct criminal acts resulted because Valdes threatened Schlosman and Group separately by pointing his gun at each of them and demanding money. Accordingly, the trial court properly sentenced Valdes on two counts of robbery (threat of serious bodily injury). *See Commonwealth v. Rozplochi*, 561 A.2d 25, 30 (Pa. Super. 1989) (stating that "where a defendant threatens to inflict serious bodily injury on two employees in order to effectuate a theft of property from their common employer, the defendant may be convicted of two counts of robbery.").

In his third claim, Valdes challenges the discretionary aspects of his sentence. Brief for Appellant at 14-15. Valdes asserts that his sentence is manifestly excessive where Valdes has demonstrated himself to be a model prisoner, rehabilitated himself, and had a prior record score of zero. *Id*. at 14. Valdes contends that the trial court did not properly account for the protection of the public and his rehabilitation needs. *Id*. at 14-15.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify

- 5 -

sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170.

Here, Valdes has failed to include the required concise statement under Pa.R.A.P. 2119(f), and the Commonwealth objects to this omission. Brief for Commonwealth at 5; *see also Commonwealth v. Robinson*, 931 A.2d 15, 19 (Pa. Super. 2007) (stating that if a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim). Thus, we cannot address Valdes's sentencing claim.[4]

In his fourth issue, Valdes baldly claims that his Post-Sentence Motions were improperly denied. Brief for Appellant at 15. Valdes merely incorporates by reference his prior sentencing claims. It is well settled that

---

[4] Even if we addressed his sentencing claim, we would conclude that the trial court did not abuse its discretion in imposing the sentence upon remand. *See Commonwealth v. Downing*, 990 A.2d 788, 792 (Pa. Super. 2010) (stating that "[s]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion."). Here, the trial court was informed by a pre-sentence investigation report. *See* Trial Court Opinion, 12/22/14, at 9-10; *see also Downing*, 990 A.2d at 794 (stating that "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."). The trial court also stated that Valdes's actions were "cold and calculating" based on the video footage and the victims were clearly terrified by the incident. *Id*. at 10. The trial court also mentioned Valdes's drug addiction and that the rehabilitation efforts should continue in prison. *Id*. Thus, the trial court did not abuse its discretion in imposing the sentence.

incorporation by reference "is an unacceptable manner of appellate advocacy[.]" ***Commonwealth v. Briggs***, 12 A.3d 291, 342 (Pa. 2011). Thus, this claim is waived. ***Id***. at 343.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2015