J-S32041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HAKIM BOND, | |
| Appellant | No. 1704 EDA 2015 |

Appeal from the Judgment of Sentence May 29, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0007714-2009

BEFORE:  BOWES, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MAY 06, 2016**

Appellant, Hakim Bond, appeals from the judgment of sentence imposed after resentencing for murder and related crimes.  The court originally imposed a term of life imprisonment without possibility of parole.  However, Appellant was still a juvenile at the time of the crime.  On resentencing, the court imposed a sentence of thirty-five years' imprisonment to life, with credit for time served.  Counsel has filed an **Anders**[1] brief, and petitioned for permission to withdraw.  We affirm the judgment of sentence and grant counsel permission to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

On January 20, 2006, Appellant and Nafeas[t] Flamer shot the victim, Allen Moment, Jr., a total of fourteen times. Appellant, born on September 14, 1988, was seventeen at the time of the shooting. (*See* Resentencing Order, 5/29/15). Mr. Moment survived the shooting but his injuries left him "essentially quadriplegic." (*Commonwealth v. Bond*, No. 3473 EDA 2012, [2014 WL 10789960], at *3 n.2 (Pa. Super. filed Oct. 7, 2014) (unpublished memorandum)). He remained hospitalized for two-and-a-half years, requiring constant nursing care and frequent intensive care unit admissions for the rest of his life. (*See id.*).

Although Mr. Moment knew his assailants (Appellant was a friend for many years, and the Flamers were his cousins), he refused to identify them until his doctor informed him that he was about to die. (*See id.* at *3). The victim died on August 6, 2008. (*See id.* at *4).

A jury convicted Appellant of first-degree murder, conspiracy to commit murder, and possession of an instrument of crime. He was sentenced to life imprisonment without the possibility of parole. But because he was a juvenile at the time of the commission of the crimes, in 2014 our predecessor panel vacated his judgment of sentence pursuant to *Miller v. Alabama*, 132 S. Ct. 2455 (2012), and *Commonwealth v. Batts*, 66 A.3d 286 (Pa. 2013), and remanded the case to the trial court for re-

sentencing. (*See Bond*, *supra* at *1). In all other respects, the panel affirmed, rejecting Appellant's other claims. (*See id.* at *1).[2]

On remand, the trial court resentenced Appellant to a term of not less than thirty five years' incarceration nor more than life imprisonment, with credit for time served. (*See* N.T. Sentencing, 5/29/15, at 20-21). The court expressly contemplated the possibility of release and supervision by the State Parole Board. (*See id.* at 21).

On June 9, 2015, Appellant timely filed a notice of appeal, *pro se*. The court appointed counsel, who filed a concise statement of errors indicating his intention to file the instant *Anders* brief.[3] (*See* Concise Statement, 7/23/15, at 1-2).

Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief referring to anything in the record that might arguably support the appeal. *See Anders*, *supra* at 744.

_____

[2] The prior panel rejected claims of prosecutorial misconduct, challenges to the admission of the identification as a dying declaration, and attacks on the sufficiency and the weight of the evidence. (*See Bond*, *supra* at *6-*15).

[3] There is nothing in the record to indicate that Appellant filed any response.

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the Appellant, advising him of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

Our Supreme Court has clarified portions of the *Anders* procedure:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

If counsel's petition and brief satisfy *Anders* and *Santiago*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief. *See Commonwealth v. Wrecks*, 931 A.2d 717, 720–21 (Pa. Super. 2007).

Based on our examination of counsel's petition to withdraw and *Anders* brief, we conclude that counsel has substantially complied with the technical requirements of *Anders* and *Santiago*.

Therefore, we now have the responsibility to examine the case and make an independent judgment to decide whether the appeal is in fact wholly frivolous. *See Wrecks, supra* at 721.

Counsel raises two questions in the ***Anders*** brief.

> 1. Whether the trial [j]udge resentenced [A]ppellant to a legal sentence for Murder of the First Degree, by a juvenile, of 35 years to life with the possibility of parole, which was the minimum sentence allowed by statute[?]

> 2. Whether the resentence is Cruel and Unusual Punishment[?]

(***Anders*** Brief, at 4).

Because the claims raised relate to the legality of sentence, our standard of review is *de novo* and our scope of review is plenary. ***See Commonwealth v. Gentry***, 101 A.3d 813, 817 (Pa. Super. 2014); ***see also Commonwealth v. Carr***, 543 A.2d 1232, 1234 (Pa. Super. 1988), *appeal denied*, 554 A.2d 506 (Pa. 1988) (claim of unconstitutionally cruel and unusual punishment raises challenge to legality of sentence).

Neither issue merits relief. Appellant's sentence of thirty-five years to life imprisonment with possibility of parole was a legal sentence. ***See*** 18 Pa.C.S.A. § 1102.1(a)(1). Because Appellant is no longer subject to mandatory life imprisonment **without** the possibility of parole, his sentence offends neither ***Miller*** nor ***Batts***. Furthermore, this Court has previously decided that Section 1102.1 does not offend the Cruel and Unusual Punishment Clause of the Eighth Amendment. ***See Commonwealth v. Lawrence***, 99 A.3d 116, 122 (Pa. Super. 2014), *appeal denied*, 114 A.3d 416 (Pa. 2015).

On independent review, we find no other non-frivolous issues. We also note that "where a case is remanded to resolve a limited issue, only matters related to the issue on remand may be appealed." ***Commonwealth v. Lawson***, 789 A.2d 252, 253 (Pa. Super. 2001) (citation omitted). The prior panel reviewed and rejected all other direct appeal issues except for the life without parole sentence. (***See Bond***, ***supra*** at 6-15).

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2016