J-A28032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| J&D BROTHERS, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| OSCAR J. CRIST, DOROTHY G. CRIST, WILLIAM SIMON, CAROLYN SIMON, STEVEN SCHNEIDER, CHERYL S. SCHNEIDER, | |
| Appellees | No. 562 EDA 2016 |

Appeal from the Order February 12, 2016
in the Court of Common Pleas of Lehigh County
Civil Division at No.: 2013-C-0310

BEFORE:  PANELLA, J., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:          **FILED JANUARY 26, 2017**

Appellant, J&D Brothers, Inc., appeals from the order entered in this case on February 12, 2016, following this Court's November 4, 2015 remand of it.  For the reasons discussed below, we affirm.

In our previous decision in this matter, we adopted the trial court's underlying findings of fact.  (**See J&D Brothers Inc. v. Finnegan**, 1014 EDA 2015, unpublished memorandum at *2 (Pa. Super. filed November 4, 2015); Trial Court Opinion, 11/06/14, at 2-5).  We take the procedural history in this matter from this Court's prior decision.

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant filed a declaratory judgment action to determine whether an easement existed with regard to Beacon Road. A non-jury trial was held on July 15, 2014. The trial court entered judgment on November 6, 2014, finding, *inter alia*, that Appellant possessed a prescriptive easement over Beacon Road as it transverses over Appellant's properties. The court found that Appellant "as owner of the dominant estate, has the right to unobstructed use of Beacon Road for any purpose related to the communications tower on [Appellant's] property or for recreational activity up to two times per month." Appellant filed post[-]trial motions on November 17, 2014. Appellees filed post[-]trial motions on December [1], 2014. The trial court entered a clarification order on March 13, 2015 which provided that Appellant had unobstructed and unlimited use of Beacon Road for the purposes of maintaining the road, for a reasonable amount of time for recreational use, and for two days per month for any purpose related to the communications tower.

(***J&D Brothers Inc.***, ***supra*** at * 2 (record citations omitted)).

On appeal, Appellant argued that the trial court had wrongly constrained its "unobstructed use of the subject easement to an unlimited number of times two days per month for any purpose related to the communications tower[.]" (***Id.*** at *3). After a thorough review, this Court found Appellant was entitled to "**limited** relief." (***Id.*** at *6) (emphasis added). We stated:

. . . the trial court abused its discretion in entering an order which restricted the use of the prescriptive easement to two days per month in light of its finding that Appellant leased the communications tower to AT&T for telephone, cellular and emergency communications services. The prescriptive easement had been used for modifications of the communications tower, following Hurricane Sandy and for emergency repairs. AT&T had not been limited in its access to the property via Beacon Road during the prescriptive period. Denying access to the prescriptive easement for emergency repairs and to effect changes to comply with the law would be unreasonable. We

reverse and remand for entry of an order consistent with this memorandum.

(**Id.** at **8-9) (record citations and case citations omitted).

On December 23, 2015, the trial court issued an order directing both parties to submit proposed orders consistent with this Court's opinion. (**See** Order, 12/23/15, at unnumbered page 1). This Court is unable to determine from the record whether the parties complied. On February 12, 2016, the trial court issued an order, which stated, in pertinent part:

> [Appellant], as owner of the dominant estate, has the right to unobstructed use of Beacon Road for purposes related to the communications tower on [Appellant's] property a reasonable number of times two days per month. This limitation **shall not apply** in the event that emergency repairs are required or to effect changes in the communications tower made necessary by changes in the law[,] which cannot be accomplished within the two days per month.

(Order, 2/12/16, at unnumbered pages 1-2 ¶ 3) (emphasis added).

On February 19, 2016, Appellant filed the instant, timely appeal. On March 3, 2016, the trial court directed Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On March 31, 2016, Appellant filed a timely Rule 1925(b) statement. **See id.** On April 20, 2016, the trial court issued an opinion. **See** Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:

> 1. [Did] the trial court err[] when it limited Appellant, its agents and/or its[] lessees unobstructed use of the subject easement to a reasonable number of times two days per month for any purpose related to the communications tower located on Appellant's property[?]

- 3 -

2. [Did] the trial court err[] when it limited Appellant, its agents and/or its lessees unobstructed use of the subject easement despite holding that it had not been limited in its access to the property during the prescriptive period[?]

3. [Did] the trial court err[] when it limited Appellant, its agents and/or its lessees unobstructed use of the subject easement to a "reasonable number of times two days per month", contrary to the *status quo* which has always been 24/7 access for anything and everything related to the communications tower enjoyed by Appellant, its agents and/or lessees during the prescriptive period; creating limitations to access that never existed[?]

4. [Did] the trial court err[] when it limited Appellant, its agents and/or its lessees unobstructed use of the subject easement to "a reasonable number of times two days per month, except in the event that emergency repairs are required or to effect changes in the communications tower made necessary by changes [in] the law"[?]

(Appellant's Brief, at 4) (unnecessary capitalization omitted).

Because Appellant's four issues are closely related, we address them together. In essence, Appellant complains that the trial court improperly interpreted the scope of our remand order, and its February 12, 2016 order improperly limited Appellant's access to the communications tower. (*See* Appellant's Brief, at 11). The issue of whether a trial court properly interpreted the scope of a remand order is a matter of law. *See In re Lokuta*, 11 A.3d 427, 438 (Pa. 2011), *cert. denied*, 132 S. Ct. 242 (2011). Here, as in all appeals raising matters of law "our standard of review is *de novo,* and our scope of review is plenary." *Schwartz v. Rockey*, 932 A.2d 885, 891 (Pa. 2007).

When a case is remanded, "a trial court has an obligation to comply scrupulously, meticulously, and completely with an order of [the appellate court] remanding a case to the trial court." ***Commonwealth v. Williams***, 877 A.2d 471, 474 (Pa. Super. 2005), *appeal denied*, 895 A.2d 1261 (Pa. 2006) (citation omitted). The trial court is required to "strictly comply with the mandate of the appellate court." ***Id.*** at 474-75 (citation omitted). Issues not included in the mandate cannot be considered by the trial court. ***See id.*** at 475.

Here, Appellant complains that the remand order wrongly limited its unobstructed use of the communications tower to two days per month, even though it had not been previously limited in its use of the property, thus the order raised limitations that had not previously existed. (***See*** Appellant's Brief, at 4). This is virtually identical to the claim Appellant made in the first appeal. (***See J&D Brothers Inc.***, ***supra*** at *3).

In our previous memorandum, the sole concern we expressed with the trial court's decision was the need to access the tower for emergency repairs and to effect changes to comply with the law. (***See id.*** at **8-9). For this reason, we noted that our remand was "limited," and we remanded for the narrow purpose of the entry of an order that addressed our concerns. (***Id.*** at *6, *9). Thus, the scope of the remand only allowed the trial court to address the issues of emergency repair and access to comply with changes of law. (***See id.***). The trial court issued an order in compliance with the

remand, stating that the restrictions did not apply to cases of emergency repairs or to situations where alterations in the tower were necessary because of changes of law. (*See* Order, 2/12/16, at unnumbered pages 1-2 ¶ 3). Therefore, the trial court properly limited its order to the issues we highlighted and appropriately addressed our concerns. *See Commonwealth v. Tick, Inc.*, 246 A.2d 424, 426 (Pa. 1968) ("It was the duty of the court below, on remand, to comply strictly with our mandate and such compliance required the court to proceed in a manner consistent with the views expressed in our opinion[.]") (citation omitted); *Williams*, *supra* at 474-75. Appellant's general attack on the portions of the April 12, 2016 order, which were identical to those we found acceptable in the March 13, 2015 order, are simply beyond the scope of the remand and cannot be reviewed in this appeal. *See Commonwealth v. Lawson*, 789 A.2d 252, 253 (Pa. Super. 2001) ("where a case is remanded to resolve a limited issue, only matters related to the issue on remand may be appealed.") (citation omitted). Thus Appellant's claims, which do not challenge the trial court's handling of the emergency repairs and change of law issues, are not properly before us. *See id.*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/2017