J-S16013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFF SCHIRONE WILLIAMS | |
| Appellant | No. 704 WDA 2016 |

Appeal from the Judgment of Sentence April 12, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014658-2004

BEFORE:  MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED AUGUST 21, 2017**

Jeff Schirone Williams appeals, *pro se*,[1] from the April 12, 2016 judgment of sentence entered in the Allegheny County Court of Common Pleas.  We affirm.

We set forth the factual history of this case in a previous Post Conviction Relief Act[2] ("PCRA") appeal, which we adopt and incorporate herein.  ***See Commonwealth v. Williams***, 114 WDA 2012, unpublished mem. at 1-3 (Pa.Super. filed March 12, 2013).

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Williams has acted *pro se* through most of the proceedings in this matter.  ***Grazier*** hearings have been conducted at each stage, pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

[2] 42 Pa.C.S. §§ 9541-9546.

On June 25, 2007, the trial court sentenced Williams to an aggregate term of 15 to 30 years' incarceration following his convictions for kidnapping, corruption of minors, possession with intent to deliver, possession of a controlled substance, and possession of drug paraphernalia.[3] Williams filed a post-sentence motion, which the trial court denied on July 11, 2007. Williams appealed to this Court and on May 3, 2010, we affirmed his judgment of sentence.

On June 20, 2011, Williams filed his first PCRA petition, which he later amended. The PCRA court dismissed Williams' petition and Williams appealed. On March 12, 2013, this Court vacated the PCRA court's order dismissing Williams' petition and remanded for a hearing to determine whether Williams should receive credit for time served. On June 26, 2013, the trial court held a hearing at which Williams was present and modified Williams' sentence to reflect credit for time served. That same day, the trial court entered a judgment of sentence. Williams appealed, and we affirmed on February 20, 2014. Thereafter, Williams filed a second PCRA petition, which the PCRA court denied on March 26, 2015. He appealed and, on January 29, 2016, we affirmed the portion of the PCRA court's order denying

_____

[3] 18 Pa.C.S. §§ 2901(a)(1), 6301(a)(1), 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(32), respectively.

relief on Williams' **Alleyne/Hopkins**[4] and offense gravity score ("OGS")
claims and vacated the order to the extent it purportedly imposed fees and
costs as part of the 2013 judgment of sentence. **See Commonwealth v.**
**Williams**, 565 WDA 2015, unpublished mem. at 1-2 (Pa.Super. filed Jan.
29, 2016). We remanded for a determination of whether Williams was
responsible for fees and costs. **Id.**

Following remand, the trial court held a hearing on April 12, 2016, at
which Williams was present, and the court determined that the imposition of
fees and costs was a clerical error. That same day, the trial court entered a
judgment of sentence. Williams timely filed his notice of appeal.

Williams raises the following issues on appeal:

> I. Whether the sentencing court erred by imposing
> sentence by order without [Williams] being present
> and failing to provide [Williams] with post sentence
> motion rights pursuant to Pa.R.Crim.P. 704(c), which
> denied [Williams] the opportunity to preserve[] any
> sentencing errors pertaining to the instant new
> sentencing order rendering the instant sentence
> illegal[.]
>
> II. Whether the sentencing court erred by imposing a
> new sentence with erroneous calculated offense
> gravity score for an alleged attempt to deliver
> marijuana less than a pound[.]
>
> III. Whether [Williams'] sentence imposed under 42
> Pa.C.S. § 9714 pursuant to <u>Alleyne</u>, <u>Hopkins</u> and

---

[4] **Alleyne v. United States**, 133 S.Ct. 2151 (2013); **Commonwealth**
**v. Hopkins**, 117 A.3d 247 (Pa. 2015).

Wolfe[5] is unconstitutional because the judge rather than a jury has to determine whether the "instant offense" is a "crime of violence" under 9714(d) and this preponderance of evidence standard has been ruled unconstitutional in every other statu[t]e with such language and the Pennsylvania Supreme Court explained in Hopkins that this proof at sentencing language is not severable from the statu[t]es which makes the entire statu[t]e unconstitutional pursuant to Alleyne.

Williams' Br. at 5 (full capitalization omitted).

Williams first claims that the trial court erred because he was not present when it imposed the modified sentence. He further claims that the trial court denied Williams post-sentence motion and direct appeal rights.

This Court remanded the case to the trial court on January 29, 2016 to determine whether Williams was responsible for fees and costs imposed as part of his judgment of sentence. The trial court held a hearing on this matter on April 12, 2016, at which Williams **was** present. ***See*** N.T., 4/12/16; ***see also*** Order, 4/4/16 (ordering that Williams be transported to courthouse on April 12, 2016). Thus, Williams' claim that he was not present when the trial court modified his sentence is belied by the record.

Moreover, Williams does not cite any evidence in the certified record, nor have we found any evidence, that he attempted to file post-sentence motions regarding whether he was responsible for costs and fees. The record contains a notice of appeal filed on May 13, 2016, which is his current

---

[5] ***Commonwealth v. Wolfe***, 140 A.3d 651 (Pa. 2016).

appeal. Therefore, his claim that the trial court denied his post-sentence and direct appeal rights also is belied by the record.

Williams next argues that the trial court erred in calculating his OGS in 2007 and that his sentence was illegal pursuant to *Alleyne*, *Hopkins*, and *Wolfe*.[6] Williams raised these issues in his June 12, 2014 PCRA petition and we thoroughly addressed them in our January 29, 2016 memorandum.[7] *See Williams*, 565 WDA 2016, at 7-15.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2017

---

[6] We note that the Pennsylvania Supreme Court affirmed *Wolfe* in June of 2016, after our memorandum discussing this issue. 140 A.3d 651 (Pa. 2016). However, because *Wolfe* decided no new law and its holding was affirmed it does not affect our previous analysis. *See Williams*, 565 WDA 2016, at 7-13.

[7] We further note that our January 29, 2016 remand was for the limited purpose of determining whether Williams was responsible for costs and fees, and he cannot now raise issues unrelated to that purpose. *See Commonwealth v. McKeever*, 947 A.2d 782, 786 (Pa.Super. 2008); *Commonwealth v. Lawson*, 789 A.2d 252, 254 (Pa.Super. 2001).