J-S64026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHARLIE PATTERSON :
:
Appellant : No. 2266 EDA 2017

Appeal from the Judgment of Sentence February 2, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0007382-2011

BEFORE: BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.: **FILED FEBRUARY 12, 2019**

Appellant, Charlie Patterson, appeals from the judgment of sentence entered on February 2, 2017, following remand and resentencing on his guilty plea conviction for one count of possession with intent to deliver a controlled substance (marijuana).[1] We affirm.

We previously summarized the facts and procedural history relevant to the current appeal as follows:

> On June 10, 2013, Appellant entered into an open guilty plea to the charge of possession of a controlled substance (marijuana) with the intent to deliver. During the colloquy, Appellant acknowledged that his lawyer informed him of the Commonwealth's intention to seek imposition of a five-year statutory mandatory minimum sentence from which the judge would have no power to deviate under the law. N.T., 6/10/13, at 5. Plea Counsel likewise referred to the applicability of the "mandatory minimum sentence" throughout the hearing, and the

---

[1] 35 P.S. § 780-113(a)(30).

court also informed Appellant that it "would be constrained on some level, because the Commonwealth is going to file the mandatory minimum." [***Id.***] at 13–14.

One week later, on June 17, 2013, the United States Supreme Court decided ***Alleyne v. United States***, ––– U.S. ––––, 133 S.Ct. 2151 (2013), in which it held for the first time that any fact triggering a mandatory minimum sentence must first be submitted to a jury and proved beyond a reasonable doubt. Nevertheless, the Commonwealth subsequently filed its "Notice of Intent to Seek Mandatory Sentence," referencing the statutory mandatory minimum sentence of five years' incarceration and a mandatory minimum fine of $50,000[.00].

At the sentencing hearing of September 6, 2013, however, the court acknowledged that the Commonwealth and Appellant had reached a negotiated agreement for a term of incarceration of four to eight years with no fine. There is no indication in the transcript that the ***Alleyne*** decision influenced this change in course or that Appellant was aware of the decision's implications, and, in fact, statements by the court imply that the statutory mandatory minimum remained applicable as a matter of course and would have been implemented as indicated during the guilty plea but for the "eminently reasonable" decision of the Commonwealth to "waiv[e]" its right to enforce it. N.T., 9/6/13, at 2, 5. The court accepted the negotiated agreement and imposed sentence accordingly. Plea counsel filed neither a post-sentence motion nor a direct appeal.

On September 15, 2014, Appellant filed a *pro se* petition for relief under the [Post Conviction Relief Act (PCRA)], and the court appointed PCRA counsel. PCRA counsel filed an amended petition on November 24, 2014 averring that plea counsel's ineffective failure to advise Appellant of the ***Alleyne*** decision and its potential impact on his case induced Appellant to plead guilty.

***Commonwealth v. Patterson***, 143 A.3d 394, 396 (Pa. Super. 2016))

(footnotes omitted). The PCRA court denied relief and an appeal resulted.

Ultimately, we vacated the PCRA court's order denying Appellant relief, remanded the matter to the PCRA court, and concluded:

It remains for the PCRA court, however, to conduct an evidentiary hearing to determine whether counsel did, in fact, fail to advise Appellant about *Alleyne*'s applicability to his case. The record of the sentencing hearing, which contains multiple references to the favorability of the negotiated sentence over the mandatory minimum sentence that could otherwise apply, supports Appellant's position sufficiently to warrant remand, where he may present evidence that he agreed to the negotiated sentence only under the undue influence of an unconstitutional mandatory minimum sentencing scheme. Proof of such prejudice stemming from counsel's failure to advise him properly of the law would entitle Appellant to a new sentencing hearing. An additional showing that Appellant would have withdrawn his guilty plea altogether had counsel properly advised him of *Alleyne* and the effect it could have on his sentencing would entitle him to withdraw his guilty plea.

*Id.* at 399 (internal citation omitted).

Thereafter,

[o]n remand, at a hearing on February 2, 2017, the District Attorney negotiated an agreed disposition of the counseled, amended PCRA petition with Erin Lentz-McMahon, Esquire, who was newly appointed to represent [Appellant]. Under the agreement, [Appellant] was resentenced to a term of two-and-a-half to five years['] total confinement, with the original commitment date unchanged. The new sentence, filed [on] February 3, 2017, fell below the mitigated range of thirty-one months prescribed by the [sentencing] guidelines [] and made [Appellant] immediately eligible for parole at the discretion of the Pennsylvania Board of Probation and Parole. It was more lenient and favorable to [Appellant] than any sentence the Commonwealth had previously offered.

[Appellant] testified under oath [at the hearing on remand] that he accepted the sentencing agreement; he understood it would "resolve" his counseled PCRA claims; he had sufficient time to talk with his court-appointed lawyer; and he had no questions for her, the prosecuting attorney or [the trial court]. The new sentencing order was the exact form of relief sought in the counseled, amended PCRA petition, and terms of the new sentence were accepted by [Appellant] in court, under oath. While in court, he

did not ask to withdraw his plea, nor did he express any dissatisfaction with his lawyer or the advice of his lawyer.

Trial Court Opinion, 8/17/2017, at 7-8.  This timely appeal resulted.[2]

On appeal, Appellant presents the following issue for our review:

Whether the judgment of sentence of February 2, 2017 must be vacated because the trial court did not conduct a full and complete on the record colloquy of Appellant pursuant to Pa.R.Crim.P. 590 to determine that Appellant's guilty plea was knowingly, intelligently, and voluntarily made and not the product of undue influence of an unconstitutional mandatory minimum sentencing scheme pursuant to ***Commonwealth v. Melendez-Negron***, 123 A.3d 1087 (Pa. Super. 2014)?

Appellant's Brief at 4.

In sum, Appellant argues:

In the matter *sub judice*, the plea negotiations that resulted in the June 2013 guilty plea were fatally flawed from the beginning.  [The Superior Court] specifically remanded this matter to determine whether Appellant's guilty plea was unlawfully induced due to an unconstitutional mandatory minimum sentencing scheme.  As a result, the [trial] court was required to provide a full and complete colloquy in accordance with Pa.R.Crim.P. 590 to demonstrate that Appellant knowingly, intelligently, and voluntarily entered into the guilty plea and that it was not unlawfully induced.  These issues were simply never addressed during the February 2, 2017

---

[2]  Appellant filed a *pro se* post-sentence motion requesting reconsideration of his sentence.  Upon review of the record, Appellant was still represented by counsel and it does not appear that the trial court ruled upon Appellant's *pro se* post-sentence motion.  It should be noted that in the months following Appellant's resentencing, Appellant submitted numerous *pro se* filings with the trial court and counsel for Appellant filed a petition to withdraw.  The trial court granted counsel's request to withdraw on May 18, 2017.  On June 27, 2017, Appellant filed a *pro se* notice of appeal *nunc pro tunc*.  On July 14, 2017, the trial court granted relief, appointed Edward M. Galang, Esquire to represent Appellant on appeal, and directed Attorney Galang to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Counsel complied on August 14, 2017.  The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 17, 2017.

proceeding. [The Superior Court] specifically remanded this matter so that a proper record could be developed related to the issues set forth in **Commonwealth v. Melendez-Negron**, 123 A.3d 1087 (Pa. Super. 2015). The record developed during the February 2, 2017 sentencing hearing is deficient in this regard. As a result, Appellant maintains that the February 2, 2017 order must be vacated.

Appellant's Brief at 21. As a result, Appellant claims that he is entitled to withdraw his guilty plea. **Id.** at 13.

On this issue, the trial court concluded:

There are no purposes for holding a new colloquy other than giving [Appellant] an opportunity to either withdraw his plea or use the prospect of doing so as a way of negotiating an even-more lenient sentence from the Commonwealth.

\* \* \*

[Appellant] negotiated a new sentence and testified in court under oath that entry of the new sentence would resolve his PCRA petition. The Commonwealth was in agreement with [Appellant]. After the new sentence was imposed, neither the Commonwealth nor [Appellant], in his numerous *pro se* applications, asked for the guilty plea to be vacated. [Appellant] gave up his post-conviction claim that his guilty plea was not knowing, voluntary and intelligent at the PCRA hearing by accepting the new negotiated sentence below the mitigated range of the sentencing guidelines.

Trial Court Opinion, 8/17/2017, at 14.

We agree with the trial court's assessment. In this case, Appellant's current claim is outside the scope of our remand order. Our Supreme Court has previously decided:

Following a full and final decision by a PCRA court on a PCRA petition, that court no longer has jurisdiction to make any determinations related to that petition unless, following appeal, the appellate court remands the case for further proceedings in the lower court. In such circumstances, the PCRA court may only

act in accordance with the dictates of the remand order. The PCRA court does not have the authority or the discretion to permit a petitioner to raise new claims outside the scope of the remand order and to treat those new claims as an amendment to an adjudicated PCRA petition.

*Commonwealth v. Sepulveda*, 144 A.3d 1270, 1280 (Pa. 2016) (footnotes omitted); *see also Commonwealth v. Lawson*, 789 A.2d 252, 253-254 (Pa. Super. 2001) ("where a case is remanded to resolve a limited issue, only matters related to the issue on remand may be appealed").

Here, a prior panel of this Court remanded this case to determine whether a mandatory minimum sentencing scheme, later declared unconstitutional under *Alleyne*, influenced Appellant's decision to plead guilty. We presented Appellant with two choices on how to proceed upon remand. He could show: 1) "[p]roof of [] prejudice stemming from counsel's failure to advise him properly [regarding *Alleyne*, which] would entitle Appellant to a new sentencing hearing" or, 2) that he "would have withdrawn his guilty plea altogether had counsel properly advised him of *Alleyne* and the effect it could have on his sentencing would entitle him to withdraw his guilty plea." *Patterson*, 143 A.3d at 399. Thus, the recent remand was limited solely to an examination of the effect that mandatory minimum sentences had on Appellant's decision to accept the sentence he negotiated with the Commonwealth or his election to plead guilty. However, once

Appellant agreed to a newly negotiated sentence,[3] one of the two options given on remand, he foreclosed his ability to withdraw his plea. If he decided to seek withdrawal of his guilty plea before the trial court, Appellant was entitled to do so. However, he needed to develop upon remand that his plea was invalid. Appellant, however, cannot now claim that he wants to withdraw his plea for the first time on appeal. Moreover, if Appellant believed that the guilty plea colloquy was "fatally flawed from the beginning," he was required to raise that precise issue in his original PCRA petition, which he did not do. As such, Appellant has waived his current claim.

Regardless, Appellant's assertion is otherwise without merit. It is well-settled that

> the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he must demonstrate prejudice on the order of manifest injustice. A

---

[3] We note that, "where a sentence of specific duration has been made part of a plea bargain, it would clearly make a sham of the negotiated plea process for courts to allow defendants to later challenge their sentence; this would, in effect, give defendants a second bite at the sentencing process." *Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa. Super. 1994). As the record reflects, Appellant agreed to a specific sentence on remand; the Commonwealth recited the agreement and both Appellant and his counsel confirmed the agreement. The court then performed a colloquy to ensure Appellant understood the proposed sentence. N.T., 2/2/2017, at 3-6. Appellant stated that it was his intention to accept the agreement to amend his sentence and resolve the matter. *Id.* at 4-5. It is meritless for Appellant to now claim he should be allowed to withdraw his plea.

defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice.

\*          \*          \*

Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise. *Inter alia*, the law imposes a stricter standard for post-sentence withdrawal motions in order to balance the tension between the individual's fundamental right to a trial and the need for finality in the proceedings.

Additionally, a defendant is bound by the statements which he makes during his plea colloquy. Therefore, a defendant may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty, and he may not recant the representations he made in court when he entered his guilty plea. Moreover, the law does not require that a defendant be pleased with the outcome of his decision to plead guilty. The law requires only that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently.

\*          \*          \*

This Court has established six topics that must be covered by a valid plea colloquy: 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence.

*Commonwealth v. Jabbie*, 2018 WL 6332328, at \*4–5 (Pa. Super. December 5, 2018).

As previously mentioned, Appellant's original guilty plea hearing was bifurcated. The trial court accepted Appellant's guilty plea in June of 2013. However, because there was no negotiated sentencing agreement, and the

- 8 -

sentence was open for the court to decide, the trial court held sentencing later. Thereafter, in the prior appeal from the denial of PCRA relief, this Court determined that Appellant presented a colorable claim that his guilty plea was potentially influenced by the implication of an unconstitutional mandatory minimum sentence. In essence, our prior decision only addressed whether Appellant's guilty plea was defective with regard to the permissible sentencing ranges Appellant potentially faced and the court's power to deviate from any recommended sentence, the fifth and sixth inquiries as set forth above. Importantly, however, we did not vacate Appellant's judgment of sentence. Thus, we may look at the prior plea proceedings in examining the totality of the circumstances surrounding the plea. At the original guilty plea hearing, Appellant acknowledged that he understood the nature of the charges, the factual basis for the plea, his right to a jury trial, and his presumption of innocence. *See* N.T., 6/10/2013, at 5-14. Those statements bind Appellant. Furthermore, at no time has Appellant presented the trial court with a challenge that its colloquy was defective with regard to these four required inquiries. There was simply no reason for the trial court to colloquy Appellant again on areas that were already covered, accepted, and remained unchallenged. Apart from the mandatory minimum sentencing issue, Appellant does not identify anything he had questions about or misunderstood, he simply claims he was entitled to a new plea colloquy. However, the only issue for resolution by the court on remand was resentencing. Finally, it is clear that before Appellant accepted his new

sentence, he was fully informed and knew that the Commonwealth could not seek a mandatory minimum sentence. Therefore, at the time he agreed to enter his newly negotiated sentence, Appellant already received a plea colloquy (with many parts unchallenged) and litigated an **Alleyne** claim. Hence, based upon a totality of the circumstances, Appellant has not identified grounds for finding his plea was unknowing, unintelligent, or involuntary in order to establish a manifest injustice permitting him to withdraw his guilty plea. Accordingly, Appellant's current appellate challenge to the plea colloquy is waived, but otherwise without merit.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/19