J-S19004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM LAWSON | : | |
| | : | |
| Appellant | : | No. 1095 EDA 2018 |

Appeal from the PCRA Order March 9, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0609631-1997

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY LAZARUS, J.:                **FILED APRIL 22, 2019**

William Lawson appeals, *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing as untimely his fourth petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 (PCRA).  We affirm.

On January 9, 1998, following a bench trial before the Honorable Lisa A. Richette, Lawson was convicted of first-degree murder and sentenced to life imprisonment.  On direct appeal, this Court affirmed his judgment of sentence, but remanded for an evidentiary hearing to determine whether counsel had improperly prevented Lawson from testifying on his own behalf. *Commonwealth v. Lawson*, 748 A.2d 772 (Pa. Super. 1998) (unpublished memorandum).  Following a hearing, the trial court concluded this claim was meritless.  On appeal, this Court affirmed.  *Commonwealth v. Lawson*, 789 A.2d 252 (Pa. Super. 2001).

_____

* Retired Senior Judge assigned to the Superior Court.

Lawson filed his first PCRA petition, *pro se*, on October 30, 2002. The PCRA court appointed counsel, who filed an amended petition. On May 11, 2004, the PCRA court denied relief. On appeal, this Court affirmed and the Pennsylvania Supreme Court denied allowance of appeal on December 29, 2005. ***See Commonwealth v. Lawson***, 885 A.2d 578 (Pa. Super. Aug.15, 2005) (Table), *allocatur denied*, 892 A.2d 822 (Pa. Dec. 29, 2005) (Table).

Lawson filed a second *pro se* PCRA petition on February 15, 2008, and an amended *pro se* petition on March 19, 2008. The PCRA dismissed this petition as untimely. On appeal, this Court affirmed. ***See Commonwealth v. Lawson***, 990 A.2d 48 (Pa. Super. Dec. 24, 2009) (Table). Lawson did not seek review in the Pennsylvania Supreme Court.

On April 21, 2010, Lawson filed filed a third *pro se* petition, and an amended *pro se* petition on July 13, 2010. The PCRA court dismissed this petition as untimely on February 6, 2010. Lawson did not file an appeal.

In his instant petition, filed *pro se* on March 25, 2016, Lawson claims the United States Supreme Court's decision in ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016), renders his petition timely under the "newly-recognized constitutional right" exception to the PCRA time bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(iii). In ***Montgomery***, the Supreme Court held ***Miller v. Alabama***, 567 U.S. 460 (2012), which prohibited mandatory life sentences without possibility of parole for juveniles as a violation of the Eighth Amendment's prohibition on "cruel and unusual punishments," applies retroactively to cases on collateral review.

The PCRA court found ***Miller*** inapplicable because Lawson was not under the age of eighteen at the time of his offense. Lawson was born on November 5, 1977; at the time of the murder, on November 7, 1996, Lawson was nineteen years old. Lawson concedes ***Miller*** does not apply, but argues it should extend to defendants who were over the age of eighteen at the time of their crimes based on developments in neuroscientific research –the "virtual minor" or "immature brain" studies. ***See Roper v. Simmons***, 543 U.S. 551 (2005) and ***Graham v. Florida***, 560 U.S. 48 (2010).

Because Lawson was over the age of eighteen at the time he committed the murder, the PCRA court properly dismissed his petition as untimely. ***See Commonwealth v. Lee***, 2019 PA Super 64 (filed Mar. 1, 2019) (en banc) (holding prohibition in ***Miller*** on mandatory life-without-parole sentences for juvenile offenders as cruel and unusual punishment did not extend to defendant who was over age of 18 at time of her commission of murder, but who had alleged characteristics of youth that rendered her categorically less culpable under Eighth Amendment, and thus defendant could not invoke ***Miller*** as exception, for newly-recognized constitutional right, to timeliness requirements of PCRA, despite argument that "immature brain" studies would have established defendant's brain was underdeveloped at time of her crime; express age limit was essential to orderly and practical application of law).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/22/19