J-S23039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RISHEEN WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2911 EDA 2024 |

Appeal from the Judgment of Sentence Entered September 26, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): Cp-51-CR-0007601-2019

BEFORE: STABILE, J., MURRAY, J., and SULLIVAN, J.

JUDGMENT ORDER BY SULLIVAN, J.: **FILED AUGUST 29, 2025**

Risheen Williams ("Williams") appeals from the judgment of sentence imposed, following a limited remand to correct an illegal sentence, after Williams violated his probation. Because his challenge to the discretionary aspects of sentence lies outside the scope of the remand, we affirm, albeit for different reasons than those expressed by the trial court.[1]

We take the underlying facts and procedural history in this matter from our previous decision:

> [In July 2021 Williams] pled guilty to one count of false identification to law enforcement and two violations concerning licenses, specifically possession of a fictitious or fraudulently altered driver's license. The trial court sentenced him to an

---

[1] **See Commonwealth v. Lehman**, 275 A.3d 513, 520 n.5 (Pa. Super. 2022) (stating it is well-settled where the result is correct, we may affirm a lower court's decision on any ground whether relied upon by that court).

aggregate term of two years of probation and placed him under the intensive supervision of the Philadelphia County Antiviolence Unit, which entailed weekly reporting and frequent drug screenings.

[In February 2022], . . . [Williams] appeared before the court for a violation of probation ("VOP") hearing. . .. [After a continuance] . . . the court found [Williams] in technical violation and revoked probation [but] resentence[d] him to an aggregate term of two years of probation instead of incarceration. . . .

\* \* \* \* \*

[Later in the spring of 2022, Williams] was arrested for simple assault and terroristic threats[.] . . . Based on the new charges, the court lodged a detainer against [Williams].

[In July 2022], the charges against [Williams] were dismissed for lack of prosecution. [However, Williams later initiated a phone call with his probation officer, in which he made remarks which the probation officer deemed to be a] potential[] threat [against the trial court], . . . another VOP hearing was held in early August [but was continued].

The continued VOP hearing was ultimately held [i]n September [] 2022. The court . . . deferred to the probation officer's interpretation that the [phone] statement was a threat[.] . . . The court also noted [Williams's] anger on the call and referenced [his] prior history of showing anger and a lack of respect in the courtroom. At the conclusion of the hearing, the court revoked [Williams's] probation[.]

\* \* \* \* \*

The court thus resentenced [Williams to eleven and a half to twenty-three months house arrest], as to the violation concerning licenses and issued no further penalty regarding the conviction for false identification to law enforcement. It did not award credit for any time [Williams] was in jail.

**Commonwealth v. Williams**, 305 A.3d 968 (Pa. Super. 2023) (unpublished

memorandum at *1-*2) (record citations omitted).

Williams filed a timely appeal. On appeal, this Court concluded Williams had waived any challenge to the discretionary aspects of his sentence because he failed to file a timely post-sentence motion. *See id*. at *5. However, we agreed with Williams that his sentence was illegal because the trial court failed to award him credit for time served. *See id*. at *6. We thus remanded for the explicit, limited purpose of resentencing Williams "awarding him credit for time served in custody." *Id*.

When the court resentenced Williams in September 2024, it reimposed the prior sentence but awarded credit for time served in custody. *See* Trial Court Opinion, 1/31/25, at 3-5. Williams filed a timely post-trial motion and this timely appeal.[2]

Williams raises the following question for our review:

> Whether the [c]ourt abused its discretion by reimposing the same judgment of sentence imposed [following the initial revocation of probation] . . . even though [Williams] (a) had already served the entire period of incarceration and (b) would not receive time credit insofar as the time at issue was served on house arrest?

Williams's Brief at 7.

On appeal, Williams challenges the discretionary aspects of his sentence. *See id*. at 12-13. However, that issue is not properly before us. In our prior decision, this Court found Williams had waived any challenge to the discretionary aspects of sentence; we remanded for a limited resentencing

_____

[2] Williams and the trial court complied with Pa.R.A.P. 1925.

- 3 -

because the trial court's failure to award credit for time served resulted in an illegal sentence. On remand, the court awarded the credit in question. This Court has stated an appellant "cannot now, following remand for the limited purpose of correcting an illegal sentence, litigate claims that fall outside the scope of the remand." *Commonwealth v. Cook*, 175 A.3d 345, 350 (Pa. Super. 2017) (citations omitted). *See also Commonwealth v. Lawson*, 789 A.2d 252, 253 (Pa. Super. 2001) (stating that "where a case is remanded to resolve a limited issue, only matters related to the issue on remand may be appealed.") (citation omitted). Here, Williams's challenge to the discretionary aspects of his sentence is unrelated to the legality of a sentence that did not award credit for time served. Therefore, it is not properly before us.[3]

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/29/2025

_____

[3] In any event, while Williams frames his issue as a challenge to the discretionary aspects of sentence, his complaint is that Pennsylvania law does not allow him to receive credit for time served on house arrest. *See* Williams's Brief at 12; *Commonwealth v. Kyle*, 874 A.2d 12 (Pa. 2005). This Court has no authority to overturn *Kyle*. Thus, even if properly before us, Williams's claim would not merit relief.