J-S44006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD TERANTINO, | |
| Appellant | No. 44 EDA 2017 |

Appeal from the Judgment of Sentence Entered August 6, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001848-2013

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 31, 2017**

Appellant, Edward Terantino, appeals *nunc pro tunc* from the August 6, 2015 judgment of sentence of 48 to 96 months' incarceration. Additionally, Appellant's counsel, Hillary A. Madden, Esq., seeks to withdraw her representation of Appellant. After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

In March of 2014, Appellant was convicted, following a jury trial, of involuntary deviate sexual intercourse (of a person less than 16 years of age) (hereinafter, "IDSI"), statutory sexual assault, and aggravated indecent assault (of a person less than 16 years of age).[1] Appellant's convictions stemmed from his sexual assault of his 14-year-old stepdaughter

---

[1] 18 Pa.C.S. §§ 3123(a)(7), 3122.1, and 3125(8), respectively.

(hereinafter "the victim") in June of 1998. Appellant was 46 years' old at the time of the assault. Appellant's abuse of the victim was not revealed until September of 2013, during the investigation of Appellant's kidnapping the victim and her 5 year old daughter.[2] Appellant was sentenced on May 30, 2014, to an aggregate term of 9 to 18 years' incarceration, which included a mandatory minimum sentence of 5 years' incarceration, pursuant to 42 Pa.C.S. § 9718, for Appellant's IDSI conviction.

Appellant filed a timely direct appeal and, while this Court found meritless the sole issue he presented therein (a claim that the trial court erred by allowing certain expert testimony), we *sua sponte* vacated Appellant's mandatory minimum sentence under section 9718, as that statute has been struck down as unconstitutional in the wake of ***Alleyne v. United States***, 133 S.Ct. 2151, 2163 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt). ***See Commonwealth v. Terantino***, No. 2311 EDA 2014, unpublished memorandum at 6-8 (Pa. Super. filed April 14, 2015) (relying on ***Commonwealth v. Wolfe***, 106 A.3d 800 (Pa. Super.

---

[2] Appellant's charges stemming from the kidnapping were tried separately from the present sexual offenses, and he was ultimately convicted by a jury of false imprisonment, terroristic threats, simple assault, unlawful restraint, endangering the welfare of a child, possessing an instrument of crime, and resisting arrest. He was sentenced to an aggregate term of 4 to 8 years' incarceration in that case, and this Court affirmed his judgment of sentence on April 6, 2015. ***See Commonwealth v. Terantino***, No. 1662 EDA 2014, unpublished memorandum (Pa. Super. filed April 6, 2015).

2014), *aff'd by*, 140 A.3d 651 (Pa. 2016) (holding that 42 Pa.C.S. § 9718 is unconstitutional pursuant to **Alleyne**)). Accordingly, we remanded Appellant's case for resentencing. **See Terantino**, No. 2311 EDA 2014, unpublished memorandum at 8.

On remand, the trial court resentenced Appellant on August 6, 2015, to a term of 4 to 8 years' incarceration for his IDSI conviction, and to a concurrent term of 2 to 4 years' incarceration for his aggravated indecent assault offense. His statutory sexual assault conviction merged for sentencing purposes.

Appellant filed a timely motion for reconsideration of his sentence, which the court denied. Appellant then filed a notice of appeal, but his counsel at that time did not file a brief with this Court, resulting in Appellant's appeal being dismissed. Thereafter, the trial court appointed Appellant new counsel, Attorney Madden, who filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking the restoration of Appellant's right to appeal from his resentencing. On October 28, 2016, the court granted Appellant's petition and reinstated his right to file a direct appeal. On November 23, 2016, Attorney Madden filed the *nunc pro tunc* notice of appeal that is presently before this Court. Attorney Madden also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement, wherein she preserved the following three issues for our review:

> 1. The trial court erred in denying [Appellant's] Motion to Dismiss for lack of jurisdiction due to the expiration of the statute of limitations.
>
> 2. The trial court erred in denying [Appellant's] Motion to Dismiss due to staleness and pre-arrest delay in violation of [Appellant's] constitutional rights to due process.
>
> 3. The trial court abused its discretion in imposing an excessive sentence.

Pa.R.A.P. 1925(b) Statement, 12/14/16, at 1.

On March 6, 2017, Attorney Madden filed with this Court a petition to withdraw as counsel. Therein, Attorney Madden erroneously stated that she was seeking to withdraw under **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*),[3] rather than **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Attorney Madden also failed to comply with the **Anders/Santiago** requirement that she advise the appellant of his right to "raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007). Accordingly, we concluded that Attorney Madden did not satisfy the requirements of **Anders/Santiago**; therefore, we denied her petition to withdraw and remanded for her to file either an advocate's brief on Appellant's behalf, or a petition to withdraw and brief that complied with

_____

[3] A **Turner/Finley** 'no-merit' letter is the appropriate filing when counsel seeks to withdraw on appeal **from the denial of PCRA relief**. **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

*Anders/Santiago*. Attorney Madden filed a new petition to withdraw and

an *Anders/Santiago* brief on August 25, 2017. Appellant has not filed any

*pro se* response.

Accordingly, we now review Attorney Madden's request to withdraw, as

> [t]his Court must first pass upon counsel's petition to withdraw
> before reviewing the merits of the underlying issues presented
> by [the appellant]. *Commonwealth v. Goodwin*, 928 A.2d
> 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under
> *Anders*, counsel must file a brief that meets the requirements
> established by our Supreme Court in *Santiago*. The brief must:
>
> > (1) provide a summary of the procedural history and facts,
> > with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes
> > arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is
> > frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal
> > is frivolous. Counsel should articulate the relevant facts of
> > record, controlling case law, and/or statutes on point that
> > have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361. Counsel also must provide a copy of
> the *Anders* brief to his client. Attending the brief must be a
> letter that advises the client of his right to: "(1) retain new
> counsel to pursue the appeal; (2) proceed pro se on appeal; or
> (3) raise any points that the appellant deems worthy of the
> court[']s attention in addition to the points raised by counsel in
> the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349,
> 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40
> (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-880 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of

*Anders* and *Santiago*, this Court must then "conduct an independent

- 5 -

review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Madden's ***Anders/Santiago*** brief complies with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history, she refers to portions of the record that could arguably support Appellant's claims, and she sets forth her conclusion that Appellant's appeal is frivolous. She also explains her reasons for reaching that determination, and supports her rationale with citations to the record and pertinent legal authority. Attorney Madden states in her petition to withdraw that she has supplied Appellant with a copy of the ***Anders/Santiago*** brief she filed with this Court on August 25, 2017, and she also attached a letter directed to Appellant in which she informs him of each of the rights enumerated in ***Nischan***. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other non-frivolous issues Appellant could pursue on appeal.

Appellant's first two issues - as set forth in his Rule 1925(b) statement, quoted *supra* - seek to challenge the trial court's denial of his pretrial "Motion to Dismiss." In that motion, Appellant argued that the court should dismiss all the charges filed against him "because (1) the statute of limitations has expired and (2) the filing of the information was a violation of

his right to due process because of staleness." Trial Court Opinion, 1/23/14, at 1.

We agree with Attorney Madden that it would be frivolous to raise these claims on appeal, although for a different reason than that expressed by counsel in her ***Anders/Santiago*** brief. ***See Anders/Santiago*** Brief at 18-22 (concluding that Appellant's claims are frivolous because the statute of limitations had not run on his offenses, and because he cannot demonstrate that the delay in filing the charges against him was the fault of the Commonwealth). This Court has held that, "where a case is remanded to resolve a limited issue, only matters related to the issue on remand may be appealed." ***Commonwealth v. Lawson***, 789 A.2d 252, 253 (Pa. Super. 2001). Here, a previous panel of this Court explicitly affirmed Appellant's convictions, but remanded his case for the limited purpose of resentencing him without application of the mandatory minimum sentence set forth in 42 Pa.C.S. § 9718. ***See Terantino***, No. 2311 EDA 2014, unpublished memorandum at 8. Therefore, in the present appeal following that remand, Appellant may only raise issues concerning his resentencing; he cannot argue that the trial court erred by denying his pretrial motion to dismiss the charges pending against him. Accordingly, Appellant's first two issues are frivolous.

In Appellant's third issue, he seeks to argue that his sentence is excessive.

This issue concerns a challenge to the discretionary aspects of Appellant's sentence. A challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right. ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa. Super. 2011) An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f);[5] and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006).

> [5] In pertinent part, this Rule requires an appellant challenging the discretionary aspects of his sentence to set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of the sentence; such statement shall immediately precede the argument on the merits. Pa.R.A.P. 2119(f).

***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 184 (Pa. Super. 2016).

In the present case, Appellant filed a timely notice of appeal, and he also preserved the following sentencing issue in his timely-filed post-sentence motion: "[Appellant] believes the sentence imposed is excessive base upon mitigating circumstances and the inconsistent jury verdict." Petition for Reconsideration of Sentence, 8/13/15, at 1. Attorney Madden has not included a Rule 2119(f) statement in her ***Anders/Santiago*** brief; however, "[w]here counsel files an ***Anders***[***/Santiago***] brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f)

statement as precluding review of whether Appellant's issue is frivolous."

***Bynum-Hamilton***, 135 A.3d at 184 (citation omitted).

Upon reviewing the record of Appellant's resentencing hearing, we agree with Attorney Madden that his sentencing claim is frivolous. To begin, we note that,

> [o]ur review of discretionary aspects of sentencing claims implicates the following principles:
>
> > [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion....
> >
> > [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.... An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.... The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.
>
> ***Commonwealth v. Walls***, 592 Pa. 557, 926 A.2d 957, 961 (2007) (internal citations omitted).

***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa. Super. 2011).

As Attorney Madden points out, in this case Appellant received a sentence of 4 to 8 years' (or 48 to 96 months') incarceration for his involuntary deviate sexual intercourse conviction. The standard range of the applicable sentencing guidelines is a minimum term of 48 to 66 months'

imprisonment. Therefore, Appellant's sentence was at the low-end of the standard range, which is precisely what defense counsel requested at the resentencing hearing. *See* N.T. Resentencing Hearing, 8/6/15, at 3. Moreover, in fashioning this standard range sentence, the court explicitly stated that it considered the presentence report; thus, "we are required to presume that the court properly weighed the mitigating factors present in this case." *Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa. Super. 2006). We also reiterate that the court imposed a *concurrent* - rather than consecutive - term of 2 to 4 years' incarceration for Appellant's aggravated indecent assault conviction, and no sentence was imposed for his statutory sexual assault offense, as it merged with his other convictions. Thus, we ascertain nothing 'clearly unreasonable' about the court's standard-range sentence in this case. *See* 42 Pa.C.S. § 9781(c)(2) (stating that we must vacate the sentence and remand only where "the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable").

We recognize that Appellant's aggregate sentence in this case was imposed to run consecutively to the sentence imposed in his kidnapping-related case involving the victim and her daughter. At the resentencing hearing, the court explained that it "felt that there should be a consecutive sentencing because there were two separate and distinct crimes." N.T. Resentencing Hearing at 8. This Court has explained that, "[g]enerally,

Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted). Having reviewed the record in this case, we see nothing atypical about the court's decision to impose Appellant's current sentence to run consecutively to his other term of incarceration. Appellant's criminal conduct in the kidnapping-related case was wholly separate from his instant offenses, both substantively and temporally. Therefore, nothing in the record suggests that the court abused its discretion by imposing Appellant's present sentence to run consecutively to the term of incarceration in his other case.

In sum, we agree with Attorney Madden that the issues Appellant seeks to present on appeal are frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2017