J-S01013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
VINCENT FERST :
:
Appellant : No. 2451 EDA 2018

Appeal from the PCRA Order Entered August 3, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0605551-2002

BEFORE:   BOWES, J., KUNSELMAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 14, 2020**

Vincent Ferst appeals *pro se* from the August 3, 2018 order that dismissed his petition under the Post Conviction Relief Act ("PCRA") as untimely.  We vacate and remand for the appointment of counsel.

The complex factual and procedural history of this case revolves around a series of six criminal incidents in the Philadelphia area from February 10, 2002, through February 15, 2002.  In pertinent part, the instant appeal is limited to Appellant's convictions for crimes against victims Delores Prince and Dorothy DiGiacomo on February 14, 2002, at docket number CP-51-CR-0605551-2002.   Specifically, Appellant and his co-conspirator Michael Grimaldi assaulted and robbed Ms. Prince and Ms. DiGiacomo.  Grimaldi wielded a gun during the incident, but Appellant was unarmed.  Appellant and

_____

[*] Retired Senior Judge assigned to the Superior Court.

a number of co-conspirators were eventually apprehended by the Philadelphia Police Department, and charged with crimes at numerous docket numbers:

> [T]he trial court consolidated all charges against all defendants for trial. [Appellant], along with [Grimaldi], thereafter proceeded to a jury trial [before Judge M. Teresa Sarmina] on the consolidated charges arising from the incidents involving (1) Mr. Rosenberger on February 10, 2002; (2) Ms. Folger and Ms. Talese on February 11, 2002; (3) Ms. Prince and Ms. DiGiacomo on February 14, 2002; (4) Ms. Harmer on February 14, 2002; (5) Ms. Wynne on February 14, 2002; and (6) Ms. Kwiecinski on February 15, 2002.

*Commonwealth v. Ferst*, 64 A.3d 32 (Pa.Super. 2012) (unpublished memorandum at 4-5).

In a separate unpublished memorandum, this Court aptly summarized the remaining history of this case. Although this recitation is lengthy, the procedural posture of this case is critical to our holding:

> In 2003, Appellant was convicted by a jury of two counts of robbery, one count of aggravated assault, and one count of criminal conspiracy.[2] The [trial] court imposed mandatory minimum sentences of five to ten years' incarceration on both robbery counts, pursuant to 42 Pa.C.S. § 9712(a).[3] Appellant also received sentences of two to five years' incarceration for aggravated assault and thirty months to five years' incarceration for criminal conspiracy. Each of these four sentences were [sic] to be run consecutively.[4] Appellant filed a post-sentence motion requesting new counsel, which was denied by operation of law. In 2007, after Appellant's appellate rights were twice reinstated *nunc pro tunc* via PCRA petitions, we affirmed Appellant's judgment of sentence. ***See Commonwealth v. Ferst***, 935 A.2d 10 (Pa.Super. 2007) (unpublished memorandum) [("***Ferst I***")], ***appeal denied***, 940 A.2d 362 (Pa. 2007). . . .
>
> ---
> [2] 18 Pa.C.S. §§ 3701(a)(1), 2702(a)(1), and 903, respectively. Appellant was simultaneously convicted of related charges on four other docket numbers: on docket numbers CP-51-CR-0605562-2002, CP-51-CR-1005471-

- 2 -

2002, CP-51-CR-0605541-2002, and CP-51-CR-0605532-2002, Appellant was convicted of four counts of robbery, four counts of conspiracy, one count of aggravated assault, one count of robbery of a motor vehicle (18 Pa.C.S. § 3702), one count of possessing an instrument of crime (18 Pa.C.S. § 907(a)), and one count of attempted robbery of a motor vehicle (18 Pa.C.S. § 901). Appellant was acquitted of the charges he faced under docket number CP-51-CR-1005461-2002.

[3] This statute provided mandatory sentences for offenses committed with firearms.

[4] Appellant's full sentence across all docket numbers and charges aggregated to forty-four and one-half to ninety-four years' imprisonment.

In 2008, Appellant filed a timely *pro se* PCRA petition, which was amended by counsel in 2011. On November 18, 2011, the PCRA court dismissed the petition. On appeal from that dismissal, we found merit in Appellant's claim that his trial counsel was ineffective for failing to appeal the mandatory minimum sentences imposed on the robbery charges.[1] We therefore affirmed the order dismissing the PCRA petition in part, reversed in part, and remanded for "limited resentencing." *See Commonwealth v. Ferst*, 64 A.3d 32 (Pa.Super. 2012) (unpublished memorandum) [("*Ferst II*")].

**Appellant was resentenced on March 21, 2013.** The sentences for each robbery charge were each reduced from five to ten years' to four to eight years' incarceration, to run concurrently to the previously imposed sentences for aggravated assault and criminal conspiracy.

**Appellant filed a direct appeal [from his limited resentencing] on March 30, 2016, after again having his appellate rights reinstated *nunc pro tunc* via a PCRA petition.** On July 25, 2016, Appellant's appointed counsel filed a

_____

[1] Between Appellant's original sentencing in 2003 and the initial conclusion of direct review in his case, our Supreme Court held the mandatory sentencing enhancement at § 9712(a) does not apply to unarmed co-conspirators. *See Commonwealth v. Dickson*, 918 A.2d 95, 109 (Pa. 2007).

brief with this Court in which he claimed Appellant's appeal was wholly frivolous, and requested leave to withdraw as counsel.

In an unpublished memorandum of March 20, 2017, we explained that counsel's request did not meet the notice requirements for a request to withdraw accompanying an [**Anders v. California**, 386 U.S. 738 (1967)] brief, as counsel had not informed Appellant of his right to proceed *pro se* in his appeal. **See Commonwealth v. Ferst**, 168 A.3d 326 (Pa.Super. 2017) (unpublished memorandum). We therefore denied counsel's petition to withdraw and ordered counsel to file a new **Anders** brief and petition to withdraw . . . .

**Commonwealth v. Ferst**, 179 A.3d 616 (Pa.Super. 2017) (unpublished memorandum at 1-4) (some internal footnotes omitted; cleaned up; emphasis added) ("**Ferst III**").

Ultimately, this Court found that Appellant's claims in **Ferst III** were wholly frivolous and granted counsel's petition to withdraw. **Id**. at 10. Of particular note to the instant appeal, we observed the following regarding Appellant's argument that his limited resentencing at docket number CP-51-CR-0605551-2002 had the effect of opening up **all** of his sentences at the separate docket numbers noted above to renewed direct appellate review:

Appellant argues that the mandatory minimum sentences he received on his **other docket numbers** have been rendered illegal . . . . Appellant claims that those cases are on direct appeal due to his 2013 resentencing in the instant, related case. Appellant also maintains that a court has unending jurisdiction to correct illegally imposed sentences.

. . . .

After careful review, we conclude that Appellant is not entitled to relief. In 2013, following remand by this Court, Appellant was resentenced to the instant docket number alone, and his mandatory minimum sentences were removed. We do not agree

- 4 -

> with Appellant's assertion that the limited resentencing in 2013 on the instant docket number implicates the 2003 sentences Appellant received on **other docket numbers**. Nor are those other cases before us on appeal.

*Id*. at 8-9 (internal citations omitted; emphasis in original). Appellant did not appeal from the October 30, 2017 holding quoted above.

On April 11, 2018, Appellant filed the instant *pro se* PCRA petition and again styled it as purportedly incorporating all of the docket numbers listed above. In relevant part, Appellant asserted that his direct appellate counsel in *Ferst III* rendered ineffective assistance of counsel for failing to: (1) request resentencing on all counts; and (2) assert a claim that Appellant's other mandatory minimum sentences were illegal. The PCRA court took exception to Appellant's attempt to use his "limited resentencing" at CP-51-CR-0605551-2002 as a vehicle to raise issues pertaining to **all** of the docket numbers associated with his conviction, and concluded that Appellant's PCRA petition was an untimely, subsequent PCRA petition and gave notice of its intent to dismiss without a hearing. Appellant filed responses arguing that his petition was timely as a result of the reinstatement of his direct appellate rights at *Ferst III*. The PCRA court ultimately dismissed the petition.

Appellant timely appealed to this Court, listing only docket number CP-51-CR-0605551-2002 and complied with the PCRA court's directive to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b). The PCRA court has also filed a Rule 1925(a) opinion asserting its belief that Appellant's petition is untimely under the requirements of the PCRA.

In relevant part, Appellant presents two claims for our disposition: (1) whether Appellant's PCRA petition was timely; and (2) whether Appellant's direct appellate counsel in *Ferst III* was ineffective[2] for not "request[ing] resentencing under all consolidated cases following the Superior Court's remand for resentencing." Appellant's brief at 4.

Our standard and scope of review in this context are well-articulated under existing Pennsylvania precedent: "On appeal from the denial of PCRA relief, our standard and scope of review [are] limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013). However, we apply a *de novo* standard of review with specific regard to the PCRA court's legal conclusions. *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011).

Initially, we note that the PCRA court has legally erred in treating Appellant's petition as a "subsequent" PCRA petition.[3] Not only was Appellant

---

[2] It appears that Appellant was **not** represented by counsel at resentencing. *See* Order, 3/21/13, at 2 (listing Appellant's appearance as "PRO SE").

[3] Appellant attempted to file two separate PCRA petitions while his appeal at *Ferst III* was still pending. *See* Appellant's PCRA Petition, 7/18/16, at 1-15; *see also* Appellant's Amended PCRA Petition, 12/12/16, at 1-3. As these petitions were filed during the pendency of Appellant's direct appeal, they were dismissed. *See Commonwealth v. O'Neil*, 57 A.2d 1112, 1116 (Pa.Super. 1990) ("[A PCRA] petition filed while a defendant's direct appeal remains pending is premature."). This dismissal did not affect Appellant's ability to refile his petition at the proper time. *Id*. at 1116 n.7. The PCRA court's treatment of this issue reimagined Appellant's appeal at *Ferst III* as a PCRA proceeding. We emphasize that *Ferst III* was a **direct appeal** taken *nunc pro tunc* from Appellant's March 2013 resentencing.

resentenced in March 2013, but his direct appellate rights originating from that resentencing were reinstated *nunc pro tunc*. **See Ferst III**, **supra** at 2. Under our well-established precedent, Appellant's petition is bound to be treated as a "first petition" under the PCRA. **See Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa.Super. 2007) ("It is now well[-]established that a PCRA petition brought after an appeal *nunc pro tunc* is considered [an] appellant's first PCRA petition . . . ."); **see also Commonwealth v. Figueroa**, 29 A.3d 1177, 1181 (Pa.Super. 2011) (same).

This error raises an immediate question regarding Appellant's entitlement to counsel in this context. **See Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa.Super. 2011) ("[W]here an indigent, first-time PCRA petitioner was denied his right to counsel . . . this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake."). Our review of the certified record indicates that Appellant was **not** represented by counsel with respect to the instant PCRA petition, despite averring that he was indigent and explicitly requesting the appointment of counsel.[4] **See**

---

[4] Despite Appellant's averments in his *pro se* PCRA petition regarding his indigence and need for representation, the PCRA court has never issued an explicit finding to that effect. The certified record indicates that Appellant filed such applications with respect to the two PCRA petitions that were dismissed as premature during **Ferst III**. **See** Application for Appointment of Counsel, 7/18/16, at 1-3; **see also** Application for Leave to Proceed *In Forma Pauperis*, 7/18/16, at 1-2. While Appellant has not resubmitted such formal requests in this case, the appointment of counsel is the just result in these circumstances. **See Commonwealth v. Guthrie**, 749 A.2d 502, 504 (Pa.Super. 2000) ("[I]t

- 7 -

Appellant's PCRA Petition, 4/11/18, at ¶¶ 13-14. Such a lack of representation is a violation of the Pennsylvania Rules of Criminal Procedure. *See* Pa.R.Crim.P. 904(C) ("[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge **shall** appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." (emphasis added)).

Instantly, the PCRA court found that Appellant's petition was untimely pursuant to 42 Pa.C.S. § 9545(b). We have significant doubts regarding the PCRA court's analysis on this point, which fails to fully grapple with the novel procedural posture of this case.[5] However, any authoritative assessment of

_____

would be illogical to provide counsel for those petitioners who know enough law to be aware that they must request an attorney, while at the same time [deny] representation to those who are completely ignorant and make no request, and are obviously more in need of counsel."). Furthermore, Appellant's clear request via a standardized PCRA form for both indigent status and the appointment of counsel should have put the PCRA court on notice of these considerations. *See Commonwealth v. Stossel*, 17 A.3d 1286, 1291 (Pa.Super. 2011) (holding that where an appellant asserts indigent status via a standardized PCRA form but declines an attorney, the PCRA court must still conduct a hearing before allowing the petitioner to proceed *pro se*).

[5] We make no binding pronouncement regarding the timeliness of Appellant's PCRA Petition in this memorandum. However, we note the following to clarify the convoluted procedural history of this case. On October 30, 2017, this Court issued an unpublished memorandum denying Appellant's timely *nunc pro tunc* direct appeal from his March 2013 resentencing. *See Ferst III*, *supra*. Appellant did not seek discretionary review before the Pennsylvania Supreme Court, and his time in which to do so expired on November 29, 2017. *See* Pa.R.A.P. 1113(a). His sentence at docket number CP-51-CR-0605551-2002 became final for the purposes of PCRA timeliness that same day. *See* 42 Pa.C.S. § 9545(b)(3). Appellant filed the instant PCRA petition on April 11,

timeliness would be premature at this juncture given that Appellant has not

enjoyed the assistance of counsel in preparing his arguments before this court.

_____

2018, which appears to be well-within the one-year threshold set forth in the PCRA's statutory framework.  **See** 42 Pa.C.S. § 9545(b)(1).

Beyond misconstruing Appellant's appeal at **Ferst III** as a PCRA petition, the PCRA court appears to have erroneously conflated the substantive scope of this appeal with the discrete issues of timeliness and finality.  As a general matter under the PCRA, "[t]he finality of the judgment must be analyzed in the light of the context in which the subsequent proceedings occurred, . . . .").  **Commonwealth v. Lesko**, 15 A.3d 345, 366 (Pa. 2011).  The PCRA court is correct in observing that the scope of Appellant's claims as currently pleaded are curtailed to issues that relate to his resentencing.  **Id**. at 366-67 (holding that limited resentencing only upsets the finality of judgments for PCRA purposes with respect to "that part of the final judgment that was disturbed"); **see also**, **e.g.**, **Commonwealth v. Lawson**, 789 A.2d 252, 253 (Pa.Super. 2001) ("[W]here a case is remanded to resolve a limited issue, only matters related to the issue on remand may be appealed.").

Here, the combination of Appellant's limited resentencing coupled with the *nunc pro tunc* restoration of his direct appellate rights have "reset" the finality of his judgment of sentence at docket number CP-51-CR-0605551-2002 for PCRA purposes.  **Id**. at 374 (holding that a PCRA petition asserting claims related to resentencing proceedings was timely when filed within one year of the date that "the new judgment of sentence became final"); **see also Commonwealth v. McKeever**, 947 A.2d 782, 785-86 (Pa.Super. 2008) ("Appellant had an absolute constitutional right to appeal his judgment of sentence entered after [resentencing] . . . . [H]e was permitted to raise issues pertaining only to the re-sentencing procedure itself.").

It appears that Appellant's other judgments of sentence became final when Appellant's time to seek discretionary review before the Supreme Court of the United States expired after his petition for allowance of appeal was denied by the Pennsylvania Supreme Court on December 20, 2007.  **See Commonwealth v. Ferst**, 940 A.2d 362 (Pa. December 20, 2007) (Table); **see also** 42 Pa.C.S. § 9545(b)(3).  Thus, Appellant's other judgments of sentence became final under the PCRA on March 19, 2008.  **See** U.S.Sup.Ct. Rule 13(1) (providing that a petition for a writ of *certiorari* must be filed "within 90 days after entry of the judgment").

Even assuming, *arguendo*, that Appellant's PCRA petition is both untimely and lacking in substantive merit, we must still remand for the appointment of counsel in conformity with the Pennsylvania Rules of Criminal Procedure. **See Commonwealth v. Ramos**, 14 A.3d 894, 896 (Pa.Super. 2011) ("[A]lthough Appellant's petition appears to be untimely and he appears to be ineligible for PCRA relief, counsel for Appellant may be able to overcome both of those hurdles through an examination of all of the relevant circumstances.").

Appellant's right to counsel has been violated by the PCRA court. **Accord Fowler**, **Figueroa**. As such, we must vacate the order dismissing the petition as untimely and remand this case for the appointment of counsel, or for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) so that Appellant may appropriately waive his right to counsel. As such, we will address neither the timeliness nor the merits of Appellant's claims. **Accord Ramos**, **Stossel**.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/20

- 10 -