J-S09013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| T.L. | : | |
| | : | |
| Appellant | : | No. 2093 EDA 2020 |

Appeal from the Judgment of Sentence Entered November 3, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003991-2017

BEFORE: OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: **FILED MAY 12, 2021**

Appellant, T.L., appeals from the judgment of sentence entered on November 3, 2020. On this direct appeal, Appellant's court-appointed counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. We, therefore, grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

The trial court ably summarized the facts underlying Appellant's convictions:

> At trial, the [Victim,] C.V., then [15] years old, testified that her father, Appellant in this case, sexually abused and assaulted her throughout her childhood. The abuse started

out by [Appellant] touching her private parts over her clothing, but then escalated to rape when she was in the [fifth] grade. She described being sexually assaulted "frequently" by Appellant, [] vaginally, orally[,] and anally. In addition to the sexual assaults, Appellant beat, punched[,] and whipped her with a belt if she tried to resist.

C.V. first disclosed the abuse to a sixth grade friend. She also told her stepmother, who also resided in the household with Appellant[;] however, her stepmother did nothing. Finally, when she was in eighth grade, C.V. told a friend because she thought she was pregnant. This friend informed her school counselor, and then C.V. disclosed to the counselor. . . .

Trial Court Opinion, 1/8/21, at 2-3 (citations omitted).

A jury found Appellant guilty of rape, involuntary deviate sexual intercourse ("IDSI") with a child, unlawful contact with a minor, endangering the welfare of children, incest, and IDSI with a person less than 16 years of age.[1] On September 20, 2018, the trial court sentenced Appellant to serve an aggregate term of 22 to 44 years in prison for his convictions. "The [trial] court also notified Appellant of his requirement to register and report for life as a 'Tier III' sex offender under 'Megan's Law.'" *Commonwealth v. T.L.*, 226 A.3d 640 (Pa. Super. 2020) (unpublished memorandum) at 1, *appeal denied*, 237 A.3d 409 (Pa. 2020).

Appellant filed a notice of appeal and, on January 17, 2020, this Court issued a memorandum decision where we affirmed Appellant's convictions, affirmed the judgment of sentence in part, and "vacated only that portion of

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3123(b), 6318(a)(1), 4304(a)(1), 4302(a), and 3123(a)(7), respectively.

the judgment of sentence regarding Appellant's sex offender registration and reporting requirements." ***Id.*** As to Appellant's sex offender registration and reporting requirements, we declared:

> The [trial court's] written sentencing order in this case includes sex offender conditions, lifetime registration, and compliance with "all Tier III Megan's Law requirements." This directive is inherently inconsistent, because Megan's Law has no "tiers" but does require lifetime registration for Appellant's conviction for rape. On the other hand, [the Sex Offender Registration and Notification Act ("SORNA")] has a Tier III lifetime registration with additional requirements, which are not included in Megan's Law. To the extent Appellant's registration requirements implicate SORNA, recent case law has called into question the validity of applying SORNA registration requirements to offenses committed before the effective date of SORNA [(December 20, 2012)].
>
> . . .
>
> If [Appellant's] offenses occurred before and after the effective date of SORNA, then [Appellant] "is entitled to the lower reporting requirements of Subchapter I, absent a specific finding of when the offenses related to the convictions actually occurred." [***Commonwealth v. Alston***, 212 A.3d 526, 530 (Pa. Super. 2019)].
>
> Instantly, Appellant committed the offenses at issue between 2008 and 2017, which time frame straddles the effective date of SORNA. When the jury convicted Appellant of [the offenses,] the jury did not find specific dates when Appellant committed the offenses. Without a specific finding from the chosen factfinder of when the offenses occurred, Appellant is subject to the less stringent reporting requirements of Subchapter I of SORNA.

***Commonwealth v. T.L.***, 226 A.3d 640 (Pa. Super. 2020) (unpublished memorandum) at 12-15 (emphasis and some citations omitted), *appeal denied*, 237 A.3d 409 (Pa. 2020).

This Court, therefore, affirmed Appellant's judgment of sentence in part and vacated "only that portion of the judgment of sentence regarding Appellant's sex offender registration and reporting requirements." *Id.* at 15. We then remanded the case to the trial court, with instructions for the trial court to "impose the Subchapter I registration and reporting requirements of SORNA and to instruct Appellant on those requirements." *Id.*

After the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal, the case returned to the trial court. As the trial court explained:

> Per the instruction included in [the] opinion and order by the Superior Court filed on January 17, 2020, a re-sentencing hearing was held on November 3, 2020. Appellant was provided with a written copy of the SORNA Subchapter I reporting requirements prior to the hearing. . . .
>
> Whereas the only portion of [Appellant's] sentence that was vacated [] was that concerning Appellant's sex offender registration and reporting requirements, there were no other issues addressed at the hearing. Counsel informed the [trial] court that he had an opportunity to discuss the new SORNA requirements with Appellant and he was also able to speak to Appellant privately on video before [Appellant] was re-sentenced by the [trial] court. The registration and reporting requirements that had been previously imposed were vacated, and Appellant's sentence was amended to reflect the imposition of the reporting requirements of Subchapter I of SORNA.
>
> The [Commonwealth] read the colloquy to Appellant explaining the SORNA requirements and thereafter Appellant stated that he had no questions regarding the requirements that were read to him. Thereafter, counsel advised Appellant of his appellate rights.
>
> . . .

- 4 -

At the conclusion of being advised of his appellate rights, Appellant instructed counsel to file a notice of appeal.

Trial Court Opinion, 1/8/21, at 3-4 (citations, footnotes and some capitalization omitted).

Appellant filed a timely notice of appeal. On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an ***Anders*** brief.

Before reviewing the merits of this appeal, this Court must first determine whether appointed counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. ***Commonwealth v. Miller***, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under ***Anders***, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." ***Miller***, 715 A.2d at 1207. Second, counsel must file an ***Anders*** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Finally, counsel must furnish a copy of the **Anders** brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5; **see also Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the **Anders** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. . . . [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous.

A prior panel of this Court remanded the case for a limited purpose: for the trial court to "impose the Subchapter I registration and reporting requirements of SORNA and to instruct Appellant on those requirements." ***Commonwealth v. T.L.***, 226 A.3d 640 (Pa. Super. 2020) (unpublished memorandum) at 15 (emphasis and some citations omitted), *appeal denied*, 237 A.3d 409 (Pa. 2020). Further, the trial court thoroughly complied with this Court's directive on remand. In this appeal following resentencing, Appellant may only raise issues "related to the issue on remand." ***Commonwealth v. Lawson***, 789 A.2d 252, 253-254 (Pa. Super. 2001) ("where a case is remanded to resolve a limited issue, only matters related to the issue on remand may be appealed").

Given the limited scope of review, Appellant's counsel was unable to discover any non-frivolous appellate issues – and, after an independent review of the entire record, we agree with counsel, as we see nothing that might arguably support this appeal. Therefore, we conclude that the appeal is wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/12/2021*