J-A03027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SOLOMON CARTER | : | |
| | : | |
| Appellant | : | No. 489 EDA 2022 |

Appeal from the Judgment of Sentence Entered January 3, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000228-2009

BEFORE:   KING, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED JUNE 12, 2023**

Solomon Carter ("Carter") appeals from the judgment of sentence imposed after this Court remanded for resentencing.  Carter's counsel ("present Counsel") has filed a petition to withdraw and an ***Anders*** brief,[1] and Carter has filed a *pro se* response.  We affirm the judgment of sentence and grant present Counsel's petition to withdraw.[2]

_____

[*] Former Justice specially assigned to the Superior Court.

[1] ***Anders v. California***, 386 U.S. 738 (1967).

[2] We note that this Court previously remanded this matter for resentencing after affirming in part and reversing in part the dismissal of Carter's timely ***first*** petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  ***See Commonwealth v. Carter***, 249 A.3d 1188, 2021 WL 754342 (Pa. Super. 2021) (unpublished memorandum at *10-12). While awaiting resentencing pursuant to this Court's order, present Counsel filed a ***second*** PCRA petition on Carter's behalf, which the trial court purported to deny before resentencing Carter.  These unusual procedures have resulted

*(Footnote Continued Next Page)*

The facts underlying Appellant's convictions are well known to the parties and this Court, and we briefly reiterate that Carter stabbed and killed his girlfriend, Karima Ballard, and injured Ballard's friend. Police arrested Carter, and the Commonwealth charged him with murder, aggravated assault, and possessing an instrument of crime ("PIC"). At the conclusion of a non-jury trial, the trial court found Carter guilty of first-degree murder, aggravated assault, and PIC. The trial court sentenced Carter to life imprisonment for murder, as well as a combined, concurrent sentence of five to ten years for aggravated assault and PIC. This Court affirmed the judgment of sentence, and our Supreme Court denied Carter's petition for allowance of appeal ("PAA") on September 9, 2013. *See Commonwealth v. Carter*, 75 A.3d 554 (Pa. Super. 2013) (unpublished memorandum) (hereinafter "*Carter I*"), *appeal denied*, 74 A.3d 1029 (Pa. 2013).

---

in a confusing array of issues addressed by present Counsel, Carter, and the trial court in the present appeal.

To clarify, the instant appeal lies from the judgment of sentence imposed following resentencing. However, in addition to discussing a single sentencing issue, present Counsel expounds on an issue related to the denial of Carter's **second** PCRA petition. Carter's *pro se* response to present Counsel's **Anders** brief also raises issues concerning his guilt, the partial affirmance of his claims in his **first** PCRA appeal, and the alleged deprivation of his right to counsel to file a petition for allowance of appeal from the order partially affirming the dismissal of his **first** PCRA petition. For the reasons discussed herein, we conclude that any issues related to the purported dismissal of Carter's **second** PCRA petition, Carter's underlying convictions, or the claims addressed in Carter's **first** PCRA petition are not properly before this Court.

- 2 -

On September 3, 2014, Carter timely filed his first PCRA petition and alleged numerous claims of ineffective assistance of trial counsel and prosecutorial misconduct. The PCRA court appointed counsel ("prior PCRA counsel"), who filed a petition to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On January 17, 2019, the court granted prior PCRA counsel leave to withdraw and dismissed Carter's first PCRA petition. Carter took a *pro se* appeal, and this Court affirmed the dismissal of Carter's first PCRA petition in part, but concluded that trial counsel was ineffective for failing to object to improper victim impact testimony at the sentencing hearing. Thus, we reversed only that portion of the PCRA court's order dismissing the victim-impact testimony claim and remanded for resentencing. **See Carter**, 2021 WL 754342 (unpublished memorandum at *10-12) (hereinafter "**Carter II**").

Following remand, the trial court appointed present Counsel to represent Carter. On December 28, 2021, before the trial court resentenced Carter, present Counsel filed a second PCRA petition requesting leave to file a *nunc pro tunc* PAA from **Carter II**. On January 3, 2022, the trial court orally denied Carter's second PCRA petition and then resentenced Carter to life imprisonment for murder, a concurrent thirty-three to sixty-six months of imprisonment for aggravated assault, and no further penalty for PIC. Carter timely filed boilerplate post-sentence motions requesting reconsideration of

his sentence.[3]  The trial court denied the post-sentence motion, and Carter timely appealed the judgment of sentence on February 2, 2022.  The court did not enter a separate order denying Carter's second PCRA petition.  Present Counsel filed a Pa.R.A.P. 1925(c)(4) statement; the trial court filed an opinion addressing its sentence.   In this Court, present Counsel has filed a petition to withdraw from representation and an **Anders** brief.  Carter has filed a *pro se* response.

We must initially consider present Counsel's request to withdraw.  **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*); **see also Commonwealth v. Bennett**, 124 A.3d 327, 333 (Pa. Super. 2015) (holding that when counsel files an **Anders** brief and the appellant files a *pro se* response, this Court will first determine whether counsel has complied with the procedural requirements to withdraw).   Counsel who wishes to withdraw on appeal must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

---

[3] As to the sentence imposed following resentencing, Carter's post-sentence motion states, in part: "There was an abuse of discretion at sentencing and the Court should re-consider its sentence. . . .   WHEREFORE, [Carter] respectfully prays th[e trial court] will reconsider his sentence . . .."  Post-Sentence Motion, 1/3/22, at 1-2.  Carter also alleged that the trial court should have granted his second PCRA petition seeking leave to file a *nunc pro tunc* PAA.  **See id**.

*Commonwealth v. Cartrette*, 83 A.3d at 1032 (citation omitted).

In accordance with *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009), the brief accompanying counsel's petition to withdraw must also

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has complied with these procedural requirements, we will review the record and render an independent judgment as to whether the appeal is wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

In the appeal *sub judice*, present Counsel, whom the trial court appointed following our remand for resentencing, has filed a petition to withdraw stating that after an extensive review of the record and applicable law, he has concluded that this appeal is wholly frivolous. Present Counsel asserts that he provided Carter with a copy of his *Anders* brief and attaches to his petition a copy of a letter he sent to Carter advising him of his right to proceed *pro se* or with new counsel. Further, present Counsel's *Anders* brief summarizes the procedural history of this direct appeal following resentencing and explains his reasons for concluding that the appeal is wholly frivolous. We conclude that present Counsel has substantially complied with the

requirements of **Anders** and **Santiago** and will proceed to an independent review of whether this appeal is frivolous. **See Yorgey**, 188 A.3d at 1197.

Present Counsel identifies the following issues in this appeal: (1) "Did the sentencing court commit an abuse of discretion when [Carter] was resentenced[;]" and (2) "Did the lower court err when it denied [Carter's] petition for leave to file petition for allowance of appeal *nunc pro tunc* pursuant to the [PCRA?]" **See Anders** Brief at 9, 15 (some capitalization omitted).

First, present Counsel discusses a possible discretionary aspects of sentencing claim. It is well-settled that "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [**see**] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [**see**] 42 Pa.C.S.A. § 9781(b).

**Id**. (citation omitted). When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. **See Commonwealth v. Yanoff**, 690 A.2d 260, 267 (Pa. Super. 1997); **see also Commonwealth v. Tuladziecki**, 522 A.2d 17, 18 (Pa. 1987); 42 Pa.C.S.A. § 9781(b).

Our review of the record shows that Carter did not object to his sentence at the resentencing hearing. Although Carter timely filed a post-sentence motion, his boilerplate assertion that "[t]here was an abuse of discretion at sentencing and the Court should re-consider its sentence," Post-Sentence Motion, 1/3/22, at 1-2, does not preserve a sentencing claim. This Court will not review an unpreserved claim. *See Commonwealth v. Cox*, 231 A.3d 1011, 1016, 1018 (Pa. Super. 2020) (concluding that "the mere filing of an *Anders* brief and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal") (citation omitted). Therefore, because there is no basis in either the facts or law to challenge the discretionary aspects of the trial court's sentence, the first issue identified by present Counsel is, in fact, frivolous.

As noted above, present Counsel also identifies issues concerning the trial court's denial of Carter's second PCRA petition seeking leave to file a *nunc pro tunc* PAA from *Carter II*. We must initially consider whether these issues are properly before this Court. *Cf. Commonwealth v. Tchirkow*, 160 A.3d 798, 803 (Pa. Super. 2017) (noting that this Court may raise the issue of our jurisdiction *sua sponte*).

Generally, when this Court remands a matter, the trial court must proceed in accordance with this Court's order. *See* Pa.R.A.P. 2591(a); *Commonwealth v. Sepulveda*, 144 A.3d 1270, 1279-80 (Pa. 2016). Additionally, when a remand requires the trial court to resolve a limited issue, an appellant may subsequently appeal only those matters related to the issue

- 7 -

on remand. **See Commonwealth v. Lawson**, 789 A.2d 252, 253 (Pa. Super. 2001).

Here, when the **Carter II** panel affirmed the PCRA court's order in part but remanded for resentencing, it created separate tracks for Carter's guilt-phase and the sentencing-phase claims. **See Commonwealth v. Dehart**, 730 A.2d 991, 992-94 & n.2 (Pa. Super. 1999); **accord Commonwealth v. Abrams**, 240 A.3d 911, 2020 WL 5362186 (Pa. Super. 2020) (unpublished memorandum at *2-3) (citable pursuant to Pa.R.A.P. 126(b)(1)). As to Carter's sentencing-phase claims, our remand required further proceedings for resentencing. As to Carter's guilt-phase claims, however, the **Carter II** panel's partial affirmance became final when Carter did not file a timely PAA. **See** Pa.R.A.P. 1112(b), 1113(a).

Following the remand ordered in **Carter II**, and while awaiting resentencing, present Counsel elected to file another PCRA petition seeking reinstatement of Carter's right to file a PAA from the partial affirmance of the denial of PCRA relief in **Carter II**. To the extent Carter's petition was properly before the trial court charged with resentencing Carter, Carter's petition constituted a second PCRA petition, which should have opened a second, separate PCRA track parallel to the resentencing proceeding ordered by this Court.[4] **See Abrams**, 2020 WL 5362186 (unpublished memorandum at *2-

---

[4] We note that Carter did not have a rule-based right to counsel for the purpose of a second PCRA petition. **See** Pa.R.Crim.P. 904(D)-(E) (discussing the appointment of counsel for a second or subsequent PCRA petition).

3); *see also Commonwealth v. Hall*, 771 A.2d 1232, 1236 (Pa. 2001) (holding that a petitioner should seek *nunc pro tunc* relief through the PCRA when the PCRA affords an ability to seek a remedy).

However, neither present Counsel nor the trial court treated the second PCRA petition as such, and the court did not follow any of the procedures required for deciding Carter's second PCRA petition. *See* Pa.R.Crim.P. 907(1), (4) & 908(C)-(E) (discussing the disposition of PCRA petition with and without a hearing, requiring entry of an order disposing of the PCRA petition, and requiring the PCRA court to advise the petitioner of his appellate rights). Notably, because the court has yet to enter and docket an order formally disposing of Carter's second PCRA petition, an appeal from the denial of Carter's second PCRA petition is premature. *See Commonwealth v. Sneed*, 45 A.3d 1096, 1104 (Pa. 2012);[5] *cf. Commonwealth v. Volz*, 227 A.3d 378, 2020 WL 534701 (Pa. Super. 2020) (unpublished memorandum at *2) (citable pursuant to Pa.R.A.P. 126(b)(1)). Furthermore, although Carter properly appealed the judgment of sentence imposed upon resentencing, we conclude he cannot shoehorn appellate issues concerning the purported denial of his second PCRA petition into this direct appeal. *See* Pa.R.A.P. 2591(a); *Sepulveda*, 144 A.3d at 1279; *see also Lawson*, 789 A.2d at 253. Thus,

---

[5] We note that the *Sneed* Court expressed a preference for deciding guilt-phase issues before resentencing; however, it did so only after quashing a prior appeal for the lack of an appealable order. *See Sneed*, 45 A.3d at 1104-05.

we conclude that issues related to the denial of Carter's second PCRA petition are not properly before this Court, and we will not address them in this appeal.

Lastly, we consider Carter's *pro se* response to present Counsel's petition to withdraw and **Anders** brief. Our review reveals that Carter intends to argue that present Counsel was ineffective for failing to raise a series of guilt-phase claims, which, as he discusses in detail, include allegations of police tampering, concealment of governmental misconduct, and assertions of self-defense. **See** Carter's *Pro Se* Brief in Reply to **Anders** Brief at 5-6, 7-16, 18-21. Carter asserts that present Counsel could have raised these issues in a post-sentence motion or a motion for extraordinary relief. **See id**. at 7. Additionally, Carter claims that he was deprived of the right to counsel for the purpose of filing a PAA from **Carter II**. **See id**. at 16-18.

Carter's *pro se* guilt-phase claims are not cognizable in this direct appeal from the judgment of sentence imposed following resentencing, and in any event, have been waived because they were not presented in the trial court. **See Lawson**, 789 A.2d at 253; **see also** Pa.R.A.P. 302(a).[6] To the extent Carter asserts present Counsel could have raised guilt-phase issues in a post-sentence motion following resentencing or a motion for extraordinary relief,

_____

[6] The majority of Carter's *pro se* claims concern guilt-phase issues that have either been previously litigated or are variants of previously litigated claims discussed by the **Carter II** panel when partially affirming the denial of his first PCRA petition. **See Carter II**, 2021 WL 754342 (unpublished memorandum at *2-8) (discussing, *inter alia*, Carter's ineffective assistance of trial counsel claims as to the surviving victim's testimony concerning her injuries and the Commonwealth's closing argument); **see also** 42 Pa.C.S.A. § 9544(a).

his argument misconstrues the limited scope of the resentencing proceedings ordered by this Court and the issues properly cognizable in this direct appeal from the judgment of sentence following resentencing. **See** Pa.R.A.P. 2591(a); **Sepulveda**, 144 A.3d at 1279; **Lawson**, 789 A.2d at 253. Similarly, Carter's argument that he was deprived of a right to counsel to file a PAA from **Carter II** is, as we discussed above, an issue to be raised in an appeal following the proper disposition of his second PCRA petition rather than the present appeal from the judgment of sentence imposed following resentencing. Thus, we discern no merit to the issues raised in Carter's *pro se* response.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2023